**People of the State of Illinois, Plaintiff-Appellee, v. Richard Lee Dye, Defendant-Appellant.**

Gen. No. 11,197.

Fourth District.

May 18, 1970.

Robert E. Williams, Assistant Public Defender of Mc-Lean County, of Bloomington, for appellant.

Paul R. Welch, State's Attorney of McLean County, of Bloomington, for appellee.

SMITH, J.

The defendant appeals from a sentence of three to five years in the penitentiary on a plea of guilty to the crime of forgery. The sole basis for this appeal is that

the sentence imposed by the trial court is too severe, is not warranted by the evidence presented, by the nature of the offense, or by the defendant's background. The appeal is without merit and the judgment of the trial court is affirmed.

There was no application for probation and the evidence on the hearing in aggravation and mitigation was undisputed. The record shows that the State's Attorney stated to the court that he had submitted to defense counsel in advance of the hearing the evidence that he would submit on the hearing, that they had conferred and he would tender the stipulation, and if defense counsel was agreeable he might stipulate to it. The court said that he wanted to know whether this was agreeable to the defendant as well. The attorney answered "yes" and the court then asked "will the defendant so indicate." The defendant said "yes sir." Offered the opportunity to produce additional evidence, the defendant declined. The stipulation shows that on January 27, 1966, the defendant was found guilty of forgery and admitted to probation, and as one of its terms was required to serve six months in Vandalia; that he did serve this term and was subsequently released; that his probation period continued; and on December 16, 1966, he was arrested on several traffic charges consisting of a stop sign violation, speeding, failure to reduce speed, and illegal transportation of liquor. Those charges were used in a petition to revoke probation. Probation was revoked and the defendant was sentenced to a term of not less than one nor more than two years on the original forgery. He was sent to Menard, Illinois, and subsequently transferred to Pontiac and released on September 18, 1968. The present conviction is based on a forgery dated October 21, 1968. The State's Attorney then offered for the record five more checks totaling some $200 written by him in March, 1969, while he was out on bond on this charge.

They were offered by the State's Attorney for the limited purpose of indicating the conduct of the defendant while out on bond. The court stated that the defendant could indicate whether or not they were his. The defendant answered "I wrote those checks, Your Honor." The court: "Then they are forgeries in which you signed the signatures of other people, is that right?" Defendant: "Yes, sir." The State's Attorney recommended that the defendant should receive a three to six-year sentence. The defense attorney addressed his remarks entirely to the minimum and stated that the court should consider a lower minimum than the three years. He suggested that a lower minimum would permit an earlier parole than if he were given a three year sentence and that this would benefit not only the defendant, but society as a whole. The defendant was twenty-one years of age at the time of the sentence and was married. The sentence imposed is within the limits fixed by the statute of one to fourteen years. Ill Rev Stats 1967, c 38, § 17–3(d).

 The defendant cites People v. Riley, 376 Ill 364, 33 NE2d 872 and People v. Grigsby, 75 Ill App2d 184, 220 NE2d 498. Both of these cases are factually so totally different from the record which we review that they are neither persuasive nor controlling. In the instant case, the defendant was admitted to probation, violated the terms of that probation and was sentenced to serve one to two years in the penitentiary for the crime of forgery. Within thirty-three days after he was released from the penitentiary on the first charge, he forged the checks involved here. Patently he accomplished no rehabilitation either on probation or in the penitentiary on the first time around. While he was out on bond in this case, he forged five or six more checks and these facts were stipulated into the record and the defendant admitted the checks were forgeries. The clear mandate of the statute, however, is that the court shall

consider evidence as to the "moral character" and criminal record of the defendant and may consider such evidence in aggravation or mitigation of the offense. The defendant's criminal record was the one conviction which was in evidence. The other evidence in our judgment related to the moral character of the defendant and to the time required for his rehabilitation. It is surely not arguable that one who will forge documents with the intent to defraud or with the intention to deceive within thirty-three days after serving a penitentiary sentence for a like charge is ready to return to society nor that society will be best served by his immediate return to it. Be that as it may, we cannot say that the sentence here is cruel, unusual or excessive punishment. It is clear that this defendant has learned nothing from probation. It is clear that he has learned nothing from more than a year and a half in the penitentiary and we cannot say it is an abuse of discretion to believe that it requires more time than the minimum in custody to merit his return to society. The defendant stipulated to the facts; he offered no excuse for his activity, and he offered no evidence that would indicate that he had rehabilitated. The burden of presenting mitigating circumstances in the record falls upon the defendant and the responsibility lies with him to make a substantial showing in order to justify a reduction of sentence on review. People v. Nelson, 41 Ill2d 364, 243 NE2d 225. There is no such showing here. In Nelson, the defendant, while in jail, called officers foul names and disobeyed orders to the extent that he was transferred to solitary confinement in the Springfield City Jail for ten days and that evidence was considered admissible to determine the possibilities of rehabilitation. In our judgment the trial court has followed the guidelines laid down in Nelson in the imposition of sentence and our course is controlled by People v. Taylor, 33 Ill2d 417, 211 NE2d 673. There is

simply no justification factually or arguendo for us to intervene. Being devoid of any justification for reducing the sentence, the judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.