(No. 43884.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee
v. RICHARD LEE DYE, Appellant.

*Opinion filed December 17, 1971.*

ILLINOIS DEFENDER PROJECT, of Springfield, (BRUCE L. HERR, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield and PAUL R. WELCH, State's Attorney, of Bloomington, (JOHN A. BEYER, First Assistant State's Attorney, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In 1970, petitioner Richard Lee Dye pleaded guilty in the McLean County circuit court to a two-count indictment for forgery and was sentenced to a term of three to five years imprisonment. He appealed, counsel being appointed to represent him and a free transcript provided, and raised, unsuccessfully, the issue of the severity of the sentence. *People v. Dye, 122 Ill.App.2d 480.*

He subsequently filed a *pro se* petition under the Post-Conviction Hearing Act. (Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*) He did not allege indigence nor did he request the appointment of counsel. Upon the State's motion the court, without a hearing, dismissed the petition for failure to set forth any basis for relief. The court neither inquired as to petitioner's indigence nor appointed counsel for him.

Petitioner filed a *pro se* notice of appeal alleging indigence and requesting counsel, and counsel was appointed for this appeal. Petitioner now argues that the trial court erred in failing to appoint counsel to represent him in his post-conviction proceedings, and that his petition and supporting affidavit sufficiently raised a substantial constitutional question entitling him to an evidentiary hearing. Ill.Rev.Stat. 1969, ch. 38, par. 122—2.

We need proceed with this case no further than the fact that counsel was not appointed. The State seeks to defend the absence of such appointment on the ground that petitioner neither alleged indigence nor requested counsel. It is clear, however, that petitioner, in his prior appeal, had been found indigent, counsel appointed for him and a free transcript ordered, all of which appears on the same docket sheet as the dismissal of the post-conviction petition. It is also clear that petitioner had been incarcerated from the date of that filing to the date of filing of the petition now before us.

Under these circumstances the trial court should have appointed counsel for petitioner or, at the least, ascertained that he did not desire the assistance of counsel, before

allowing the State's motion to dismiss. Appointed counsel will, of course, proceed as required by *People v. Slaughter, 39 Ill.2d 278.*

For these reasons the judgment of the circuit court is reversed and the cause remanded with directions to proceed in accordance herewith.

*Reversed and remanded.*