THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN M. PEEPLES, Defendant-Appellant.

Fifth District No. 5—86—0144

Opinion filed March 24, 1987.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, and Deborah A. Buer, law student, for appellant.

Robert W. Matoush, State's Attorney, of Salem (Kenneth R. Boyle, Stephen E. Norris, and Wendy B. Porter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Defendant appeals from the denial of his post-conviction petition for relief following his negotiated plea of guilty to the offense of burglary. We affirm.

On September 12, 1984, defendant, represented by counsel, entered a negotiated plea of guilty. The plea agreement was that if defendant, charged with the offenses of burglary and possession of burglary tools, would plead guilty to burglary, the State would recommend a sentence of six years and the charge of possession of burglary tools would be dismissed. Additionally, the State would attempt to secure a letter of nonprosecution from the State of Indiana as to two charges of burglary that were pending there; if the letter was not received, the defendant could withdraw his plea. The letter of nonprosecution from Indiana was received. The court accepted defendant's plea of guilty and sentenced defendant to six years with the Department of Corrections.

Thereafter, defendant filed a *pro se* motion for modification of sentence. The State moved to dismiss the petition as untimely filed. At the hearing that was held on this petition, the court asked defend-

ant if he desired the appointment of counsel, and defendant replied that he did not. Defendant told the court at this hearing that the State had withheld from him the fact that he would have to serve 26 months' imprisonment in Pennsylvania for parole violation after serving the six-year term imposed in this case. The court denied defendant's motion as untimely filed but advised defendant that if he desired he could file a petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*).

On October 4, 1985, defendant filed a *pro se* post-conviction petition. He did not allege either that he was indigent or that he requested the appointment of counsel. The petition requested reinstatement of his "direct appeal rights."

A hearing was held on defendant's post-conviction petition on February 18, 1986. As the hearing began the court asked the defendant, "Mr. Peeples, do you wish to argue this yourself?" The defendant answered, "I don't have no attorney, your Honor, yes, sir, I do." During the proceeding, the defendant complained that Graham Correctional Center had not advised him that Pennsylvania had issued a parole violation detainer in time for him to request that both his Illinois and Pennsylvania sentences be served concurrently and that he was not advised at the time he entered his plea of guilty that he would have to serve a Pennsylvania sentence for a parole violation after the expiration of his Illinois sentence. The court stated that it did not have jurisdiction to grant the type of relief the defendant sought, and it denied defendant's petition.

Defendant, represented by the State Appellate Defender, raises four issues on appeal: (1) whether section 122—2.1 of the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) is unconstitutional because it violates both due process guarantees and the doctrine of separation of powers; (2) whether the trial court erred in proceeding to determine the merits of defendant's petition without inquiring if defendant desired counsel to assist him, since the petition was not dismissed as "patently without merit" within 30 days of its being docketed; (3) whether, because section 122—8 of the Post Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8) has been declared unconstitutional as a violation of the separation of powers doctrine, the trial court erred when it assigned a new judge to preside over defendant's post-conviction hearing; and (4) whether section 122—2.1 of the Post-Conviction Hearing Act, which allows the trial court to dismiss a post-conviction petition without the appointment of counsel where the petition is frivolous or patently without merit, could not be severed from section 122—8, which has been held uncon-

stitutional by the Illinois Supreme Court. We affirm.

■■ The issues raised by the defendant have been frequently litigated before the Illinois Appellate Court and, even by defendant's admission, have been resolved against defendant. Moreover, there is nothing of consequence in the factual background of this appeal that would serve to distinguish this case from those others to which we allude. Although there is a plethora of cases, we will refer to but a few. *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, held section 122—2.1 to be constitutional in the face of arguments that it was violative of due process, denied counsel to indigent appellants, and was in conflict with Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)). These same arguments are among those raised by defendant in this case. In addition to the above issues, the *Baugh* case also answered an argument based upon a deprivation of equal protection of the law, an argument not raised by defendant here. In *People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486, this court adopted the *Baugh* case as being decisive upon the constitutional issues.

In the recent case of *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710, the appellate court for the fourth district was again called upon to consider the issues of *Baugh*. The review was prompted by the case of *People v. Mason* (1986), 145 Ill. App. 3d 218, 494 N.E.2d 1176. That case, decided by a division of the appellate court for the first district, disagreed with the decision in the *Baugh* case and held section 122—2.1 to be unconstitutional. In so ruling, the court in *Mason* went contrary to a number of other cases of the first district as well as a number of cases from other districts that had elected to follow *Baugh*. The *Mason* case is thoroughly discussed and placed in context in *People v. Farmer*, and we need not repeat any of it here. Suffice it to say that defendant here calls upon this court now to reject *Baugh* and *Farmer* and follow the decision of the *Mason* case. After due consideration, and with due regard for defendant's arguments, we feel constrained to adhere to our decision in *People v. Brown*, and necessarily *People v. Baugh* and *People v. Farmer*.

■■ Defendant raises an attenuated issue related to section 122—2.1. Conceding, at least for the sake of argument, that section 122—2.1 was not utilized by the trial court (it apparently was not) and that the hearing on defendant's post-conviction petition was held on its merits (it was), defendant contends that the trial court erred in proceeding without inquiring of defendant whether he desired counsel to assist him.

We think this argument is without merit, for a review of the rec-

ord reveals that defendant purposely and knowingly proceeded in the hearing without counsel. At the hearing on defendant's *pro se* motion for modification of sentence held on September 19, 1985, (a matter not in issue in this appeal), the following colloquy took place between the court and the defendant:

> "THE COURT: Mr. Peeples, do you desire to have an attorney on this motion?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you want to present it yourself even though now the State has raised a, what I'll call a technical point?
>
> THE DEFENDANT: Yes, sir. I'll still argue myself."

Then, when defendant's post-conviction petition was called for hearing on February 18, 1986, the following occurred as the hearing commenced:

> "MR. CREASON: Your Honor, the defendant has filed a handwritten petition. We're treating it as a petition for, it's entitled post conviction hearing. I believe it prays for a reinstatement of his direct appeal rights. We're opposing the petition.
>
> THE COURT: Filed October 4th, 1985?
>
> MR. CREASON: Yes, your Honor.
>
> THE COURT: Mr. Peeples, do you wish to argue this yourself?
>
> MR. PEEPLES: I don't have no attorney, your Honor, *yes, sir, I do.*
>
> THE COURT: All right, I'll hear your argument at this time. I've read the documents." (Emphasis added.)

This colloquy sufficiently indicates that defendant informed the court that he preferred to represent himself at the hearing, and he did so. Given defendant's very extensive criminal record, it cannot be seriously contended that defendant did not understand his right to an attorney. At minimum, the court's inquiry was sufficient to comply with the constraints imposed by *People v. Dye* (1971), 50 Ill. 2d 49, 277 N.E.2d 133, and *People v. Wallace* (1974), 23 Ill. App. 3d 491, 318 N.E.2d 726.

▮▮ Defendant's final argument is that section 122—2.1, which allows the dismissal of a petition that is frivolous or patently without merit, could not be severed from section 122—8, which required all post-conviction proceedings to be considered by a judge who was not involved in the original proceedings. Thus, defendant contends, when the supreme court in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501, declared section 122—8 unconstitutional as a violation of

the separation of powers doctrine, section 122—2.1 was necessarily also unconstitutional. Related to this is defendant's contention that since section 122—8 is unconstitutional, it was error to assign a new judge to preside over defendant's post-conviction hearing.

These same issues were raised in *People v. Farmer* and decided adversely to defendant. Without further discussion, we believe the issues were properly decided in *Farmer*, and we follow that decision.

Affirmed.

KARNS, P.J., and KASSERMAN, J., concur.