Docket No. 88126–Agenda 3–November 2000.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WALTER L. THOMAS, Appellant.

Opinion filed January 19, 2001.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Walter L. Thomas, brings this appeal from an order of the circuit court of Du Page County dismissing, without an evidentiary hearing, his petition for post-conviction relief. Because the defendant received the death penalty for the underlying murder conviction, the defendant’s appeal lies directly to this court. 134 Ill. 2d R. 651(a). For the reasons that follow, we reverse the judgment of the circuit court and remand the cause to that court for further proceedings.

The defendant was convicted of murder and other offenses and was sentenced to death following a jury trial in the circuit court of Du Page County. On direct appeal, this court affirmed the defendant’s convictions and death sentence.
 People v. Thomas
, 137 Ill. 2d 500 (1990). The United States Supreme Court denied the defendant’s petition for a writ of
 certiorari
. 
Thomas v. Illinois
, 498 U.S. 1127, 112 L. Ed. 2d 1196, 111 S. Ct. 1092 (1991). The defendant then sought post-conviction relief in the circuit court of Du Page County. The circuit court dismissed the petition, and this court affirmed the dismissal. 
People v. Thomas
, 164 Ill. 2d 410 (1995). The defendant later initiated
 habeas corpus
 proceedings in federal court. The district court denied the defendant’s petition, and the court of appeals affirmed that order. 
Thomas v. Gilmore
, 144 F.3d 513 (7th Cir. 1998). The United States Supreme Court later denied the defendant’s petition for a writ of 
certiorari. Thomas v. Gilmore
, 525 U.S. 1123, 142 L. Ed. 2d 905, 119 S. Ct. 907 (1999).

The defendant then brought the present action for post-conviction relief, filing another petition in the circuit court of Du Page County in April 1999. Appearing 
pro se
, the defendant filed a motion to proceed
 in forma pauperis
 and submitted an affidavit of indigence. Without appointing counsel, and in the absence of any responsive pleading by the State, the circuit judge summarily dismissed the defendant’s petition. The defendant brings this appeal. 134 Ill. 2d R. 651(a).

The defendant first argues that the circuit court erred in failing to inquire whether he wanted counsel appointed to represent him in this matter. The State has confessed error on this issue, and we agree that the circuit court erred in failing to determine whether the defendant wished to be represented by counsel and, if he did, in failing to make the appointment. The Post-Conviction Hearing Act (725 ILCS 5/122–1 through 122–7 (West 1998)) contains special procedures that are applicable in capital cases. Section 122–2.1(a)(1) of the Act provides:

“If the petitioner is under sentence of death and is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.” 725 ILCS 5/122–2.1(a)(1) (West 1998).

For noncapital defendants, in contrast, the Act requires the appointment of counsel only if the court first determines that the petition is not “frivolous or *** patently without merit.” 725 ILCS 5/122–2.1(a)(2) (West 1998).

In the present case, the defendant is under sentence of death. Although the defendant was appearing
 pro se
 and was seeking to proceed 
in forma pauperis
, the circuit judge did not determine whether the defendant wanted to be represented by counsel, as the judge was required to do in capital cases under section 122–2.1(a)(1) of the Act. Accordingly, the cause must be remanded to the circuit court so that the defendant may be provided with appointed counsel, if that is his choice. See 
People v. Dye
, 50 Ill. 2d 49 (1971).

The defendant also contends that the post-conviction court erred in summarily dismissing his petition without first receiving a responsive pleading from the State. The State has correctly confessed error on this issue also. Again, the Post-Conviction Hearing Act contains different procedures for capital petitioners and noncapital petitioners. In a noncapital case, the post-conviction court may summarily dismiss the petition if the court judge decides that it is “frivolous or *** patently without merit.” If the judge does not dismiss the petition, then the matter will be docketed for further consideration in accordance with other provisions of the Act.

Post-conviction petitions filed by capital defendants are handled differently. There is no provision authorizing the circuit court to dismiss the petition of a capital defendant if it is “frivolous or *** patently without merit.” As noted above, the court must first determine whether the petitioner, if indigent, wants to be represented by counsel. After the petitioner makes that choice, the matter is then docketed for further proceedings. 725 ILCS 5/122–2.1(b) (West 1998). At that juncture the State may either answer the petition or move to dismiss it. 725 ILCS 5/122–5 (West 1998).

The circuit judge in the present case did not follow the procedure applicable to capital cases. Instead, she examined the contents of the petition and determined on her own that the matters raised by the defendant were without merit. That inquiry is appropriate only when the post-conviction petitioner has been sentenced to imprisonment. This was a capital case, however, and the judge could not rule on the defendant’s petition without first receiving a responsive pleading from the State.
 Cf. People v. Brisbon
, 164 Ill. 2d 236 (1995) (responsive pleading not required when State had previously moved to dismiss earlier post-conviction petition).

The defendant raises two other issues in this appeal. He argues that the post-conviction judge erred in dismissing the petition without first providing notice to the defendant that she was going to enter a dispositive ruling on that date, which she had earlier said would be for a status hearing. The defendant also argues that, before dismissing the petition, the judge failed to consider the defendant’s request for forensic testing of certain evidence, as authorized by section 116–3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116–3 (West 1998)). Given our resolution of the first two issues in this appeal, it is not necessary for us to address these additional questions at this time. It appears that these matters grew out of the judge’s treatment of the case as a noncapital matter and summary disposition of the petition, and thus are unlikely to recur on remand. Finally, we note that this is the defendant’s second post-conviction action. We express no view here regarding the propriety of a successive post-conviction petition in these circumstances.

For the reasons stated, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded to that court for further proceedings.

Reversed and remanded
.