(No. 40545.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JERRY DEAN CLEMENTS, Appellant.

*Opinion filed September 29, 1967.*

PHILIP MICHAEL BASVIC, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOSEPH W. HICKMAN, State's Attorney, of Benton, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Petitioner, Jerry Dean Clements, was convicted of burglary in the circuit court of Franklin County and on direct appeal to this court his conviction was affirmed. (*People* v. *Clements,* 28 Ill.2d 534.) Subsequently, he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, pars. 122—1 *et seq.*), alleging that at trial he suffered a substantial denial of his constitutional rights, to-wit: that he was denied due process because the special grand jury which indicted him was illegally constituted, that he was convicted on the perjured testimony of two accomplices, that his court-appointed attorney was incompetent and that his sentence was manifestly excessive. The State filed an answer thereto which petitioner moved to strike, charging that it was, in effect, a general denial and raised no legal defense. That motion was denied. Petitioner then introduced the entire trial court record into the post-conviction hearing along with affidavits and exhibits in support of the allegations of his petition. The court conducted a hearing on the petition, and after the presentation of all evidence, including the testimony of witnesses, denied the petition.

From this denial petitioner appeals now contending that the grand jury which indicted him was illegally constituted, that his court-appointed counsel at trial was so incompetent as to deny him due process, that the trial court erred in not striking the State's answer to his petition and that at his trial the court failed to intervene and protect his right to a fair and impartial trial.

Considering petitioner's arguments in the order presented, we find that we have previously given his contention concerning the legality of the grand jury a full review when we passed on his writ of error (28 Ill.2d 534) and therefore that claim is *res judicata. People* v. *Cox,* 34 Ill.2d 66.

With respect to petitioner's contention that "his court appointed trial counsel" was so grossly incompetent as to deprive him of due process, we note that he made this charge in his petition, supporting it with excerpts from the trial record, and at the hearing thereon called his trial counsel as his own witness. His counsel testified that although he was the public defender for Franklin County at the time of the trial and was frequently referred to in the trial record as appointed counsel, he was in fact retained to represent petitioner at trial and was not appointed to do so by the court. This testimony was not controverted by any other evidence introduced at the hearing, including the trial record. Therefore, we find it unnecessary to consider petitioner's allegations of incompetency, since where petitioner in his original trial is represented by counsel of his own choice, he may not in a post-conviction proceeding allege, as a ground for reversing his conviction, the incompetency of counsel, for within the context of these proceedings this allegation presents no constitutional question. *People* v. *Farmer,* 34 Ill.2d 218; *Davies* v. *People,* 10 Ill.2d 11.

In support of his contention that the hearing court erred in not granting his motion to strike the State's answer to his petition, he argues that since the post-conviction proceeding is civil in nature, the provisions of the Civil Practice Act (Ill. Rev. Stat. 1965, chap. 110, pars. 1-94) are applicable and therefore the State's answer, which was, in effect, a general denial employing general issues, was in violation of the provisions of section 40 of that Act. While we agree that the post-conviction proceeding is civil in nature (*People* v. *Alden,* 15 Ill.2d 498), petitioner is mistaken as to the applicability of the Civil Practice Act to

those proceedings. The Post-Conviction Hearing Act is *sui generis* and "* * * it is not the intent of the act that these claims [constitutional claims made in the petition] be adjudicated on the pleadings. The function of the pleadings in a proceeding under the act is to determine whether the petition is entitled to a hearing." (*People* v. *Airmers,* 34 Ill.2d 222, 226.) We find that the petition and the answer in the form filed sufficiently established the issues before the court and no error was committed in this regard.

Petitioner finally argues that it was the duty of the trial court to intervene and protect his rights since his trial counsel was patently inadequate and incompetent. However, petitioner failed to raise this point in his petition and thereby waives it in accordance with the provisions of section 122—3 of the Post-Conviction Hearing Act.

For the reasons stated herein, the judgment of the circuit court of Franklin County, denying the relief sought in defendant's petition under the Post-Conviction Hearing Act, is affirmed.

*Judgment affirmed.*