THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* EARL JOHNSON, a/k/a WILLIAM FORD, Petitioner-Appellant.

(No. 56770; )

First District (2nd Division)—May 1, 1973.

John M. Cutrone and Kenneth L. Gillis, both of Defender Project, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

In General No. 55-2742, petitioner stood trial before a jury on an indictment for murder, to which he had pleaded not guilty. The trial began on 14 February, 1956. On the second day of the trial (15 February, 1956), at Johnson's request, a juror was withdrawn and a mistrial declared; thereupon, petitioner withdrew his plea of not guilty and entered a plea of guilty. The trial court found petitioner guilty, entered a judgment on that finding, and sentenced petitioner to a 99 year term in the Illinois State Penitentiary.

On 12 July, 1960, petitioner filed post-conviction petition No. 1088 in

which he alleged that his constitutional rights had been violated in three respects:

(1) a confession which he had made had been coerced by police brutality and by representations made, both by the police and by persons in the State's Attorney's office, that unless he confessed he would incur the death penalty, whereas, if he confessed, things would go easy for him;

(2) his plea of guilty had not been voluntary in that it had been entered (a) owing to the same type of representations as had affected his confession, which representations as to pleading guilty were also made to him by his court-appointed counsel, so that he was led to believe that, should he persist in the plea of not guilty, he would receive the death penalty irrespective of his guilt or innocence, whereas should he plead guilty, he would receive a much lesser sentence, and (b) owing also to the fact that he did not understand that, on pleading guilty, he could be sentenced to life or any number of years or even to death;

(3) his court-appointed counsel had been incompetent in that he had made no effort to use two available alibi witnesses (namely, his fiancee and her mother).

As just indicated, the petition also alleged that he had an alibi defense and that he was, in fact, innocent. The petition was supported by an affidavit of petitioner's court-appointed trial counsel alleging counsel's opinion, based on counsel's numerous conferences with petitioner, that petitioner had not realized the full significance of the plea of guilty, either before or after admonishment by the court, and alleging that petitioner, in requesting counsel to change pleas, had given as his reason for so requesting his fear that, if he persisted in his plea of not guilty, he would be sentenced to death irrespective of his guilt or innocence. The allegation as to the alibi defense was later supported by affidavit of his fiancee, dated 26 October, 1961, to the effect that he had been with her at all material times. The State moved to dismiss post-conviction petition No. 1088 without an evidentiary hearing. After the trial court had examined the Bill of Exceptions in respect to the entry of the guilty plea, the trial court, on 28 November, 1961, dismissed the petition without an evidentiary hearing. On 27 February, 1962, the trial court denied petitioner's petition for a rehearing.

Petitioner thereupon sued out a writ of error from the Illinois Supreme Court. By a memorandum order dated 19 February, 1963 (Illinois Supreme Court Memorandum Order No. 3387), the Supreme Court granted the writ and remanded the cause for an evidentiary hearing on the post-

conviction petition. After a brief summary of the allegations in the petition, the order read as follows:

> "We are of the opinion that the allegations of the petition were sufficient to require a hearing and the writ of error is allowed and the cause is remanded to the trial court with directions to grant petitioner a hearing upon the charges set forth in the petition."

The Supreme Court's order was filed in the Criminal Division of the Circuit Court of Cook County on 27 February, 1963. On the following day, the State filed its answer to the petition. On 7 March, 1963, the cause was re-docketed and assigned to Judge Norman Barry for an evidentiary hearing to be held on 27 March, 1963. There followed a long series of continuances (many but by no means all of which were at petitioner's request) until Judge Barry granted what he stated was to be a final continuance to 6 April, 1964.

On 6 April, 1964 (a Monday) petitioner was represented by privately retained counsel who was engaged in a jury trial in another court and could not appear, a fact of which he had apprised the Assistant State's Attorney on the preceding Friday. Petitioner himself was present in an adjacent bullpen, but was not called into the courtroom, even though a prior motion by petitioner to appear in person at the mandated hearing and to act as co-counsel had allegedly been allowed. Through the Assistant State's Attorney, petitioner's retained counsel requested a continuance until mid-May so that he could contact petitioner's court-appointed trial counsel. To this request the State refused to agree. After a colloquy between the Assistant State's Attorney and the trial judge in which the Assistant State's Attorney reminded the judge of the Supreme Court order, the judge concluded that, under the circumstances, the petition should nevertheless be dismissed without an evidentiary hearing. The judge said: "If we dismiss the petition and have it sent back, then let him [petitioner Johnson] prepare a new petition any time he wants to come in. That's the thing to do." To this the Assistant State's Attorney replied: "That may be the proper thing to do, dismiss the petition." Thereupon, the trial judge dismissed post-conviction petition No. 1088 without an evidentiary hearing. There was no appeal from that dismissal.

In 1971, petitioner filed the instant post-conviction petition No. 2250. On 14 October, 1971, on motion of the State, the trial court dismissed the petition without an evidentiary hearing. In part, the dismissal was based on the finding that post-conviction petition No. 2250 was identical with the prior post-conviction petition No. 1088, which had been dismissed without an evidentiary hearing on 6 April, 1964; since no appeal had been taken from that dismissal, that dismissal was *res judicata* in respect of post-conviction petition No. 2250.

The record is not crystal clear as to the basis upon which the trial court dismissed post-conviction petition No. 2250. In the State's written motion to dismiss, the State urged the *res judicata* basis and supported that basis with a lengthy argument, with which, at one point, the trial judge appears to have agreed. At the same time, as a part of its argument that petition No. 2250 was barred by the doctrine of *res judicata,* the State also argued that petitioner had failed to be diligent in seeking the mandated evidentiary hearing on petition No. 1088, so that his failure to receive that evidentiary hearing was his own fault. The State further argued that petition No. 2250 had insufficient substance on its merits to warrant an evidentiary hearing, but this argument would appear to be in direct conflict with the Supreme Court's order in respect of the identical petition No. 1088. The trial court's order of dismissal of petition No. 2250 does not state any reason for the dismissal.

The instant appeal is from the dismissal of post-conviction petition No. 2250. Taken with the appeal was a motion by petitioner for a summary order reversing and remanding the cause for an evidentiary hearing before the trial court.

The thrust of the State's position on the instant appeal is that petitioner, in effect, waived his right to the evidentiary hearing ordered by the Supreme Court on petition No. 1088 in either or both of two ways: (1) by his failure to appeal the dismissal of petition No. 1088 without the mandated evidentiary hearing, thereby barring the filing of petition No. 2250 under the doctrine of *res judicata;* (2) by his lack of due diligence in seeking the mandated evidentiary hearing on petition No. 1088.

Before dealing with either of the two contentions of the State, we turn first to an aspect of the State's contentions which neither the State nor petitioner has specifically raised, namely, whether petitioner had the power to waive the mandated evidentiary hearing on petition No. 1088. Petitioner's motion for a summary order could be construed as presenting this issue, though it did not expressly do so. The issue is this: by entering its order of 19 February, 1963, did the Supreme Court create its own independent interest in having that order complied with, which interest, of course, petitioner would have no power to waive. In view of the disposition which we make herein of this appeal, we find it unnecessary to express any opinion as to this aspect of the State's contentions.

We turn now to a related but different aspect of the State's contentions, which neither the State nor petitioner has specifically raised. In order for petitioner to have the power to waive the mandated evidentiary hearing on petition No. 1088, it appears to us that it would be necessary to construe the Supreme Court's order as conferring such a power upon petitioner. The order, therefore, must be read as mandating the evidentiary

hearing "unless petitioner himself shall in some manner waive the said hearing". While we have ourselves from time to time been forced to construe a Supreme Court *Rule* because of the generic nature of a *Rule*, we consider it a dubious undertaking to construe anything as specific as a Supreme Court *Order*. We concede that petitioner could waive the mandated evidentiary hearing in the sense that he could change his mind and decide that he did not want the hearing at all; the Order could scarcely be read as *imposing* the hearing upon a now unwilling petitioner. Far, however, from being unwilling, this petitioner *personally* has been trying to get the hearing ever since the Order was entered. His problem is that the actions of various counsel for which he is legally chargeable are alleged to have put him in the position of having waived the mandated hearing, *if* the Supreme Court's order can be construed to have conferred that type of waiver power upon him. Again, in view of the disposition which we make herein of this appeal, we find it unnecessary to express any opinion as to this second aspect of the State's waiver contention.

We deal now with the first of the State's two waiver contentions, namely, waiver by failure to appeal the dismissal of petition No. 1088, thereby barring the filing of petition No. 2250 under the doctrine of *res judicata*. We hold that there was no such waiver for the reason that the trial judge in dismissing petition No. 1088 made it very clear (1) that he was not doing so with prejudice to petitioner's right to re-file the dismissed petition at a later date, and (2) that he was not doing so *precisely because* of the Supreme Court's order, which the State itself had just brought specifically to his attention. Furthermore, the same Assistant State's Attorney who so vigorously urged the doctrine of *res judicata* upon the trial judge in the argument on petition No. 2250, had agreed that the trial judge's dismissal of petition No. 1088 "may be the proper thing to do" in view of the Supreme Court order. The relevant portion of the record in petition No. 1088 as set forth in the record in this appeal on petition No. 2250, is as follows:

"THE COURT: Maybe that [namely, dismiss the petition] is what we should do and save everybody's time.

MR. ROBBINS: We are still under that mandate from the Supreme Court.

THE COURT: If we dismiss the petition, and have it sent back, then let him prepare a new petition any time he wants to come in. That's the thing to do.

MR. ROBBINS: That may be the proper thing to do, dismiss the petition."

■■ Under the circumstances, there is no room for the application of the doctrine of *res judicata* on petition No. 2250.

Dealing now with the second waiver contention of the State, namely, petitioner's lack of due diligence in pursuing petition No. 1088, we conclude that the record in petition No. 1088, as set forth in the record on this appeal, does not establish such a lack of due diligence as would amount to a waiver of an evidentiary hearing specifically mandated by the Supreme Court. To the extent to which the half-sheet is decipherable, it shows that several of the continuances granted between 27 March, 1963 and 6 April, 1964 were on motion of the court. The record in this case shows that petitioner had three attorneys in that interval; and that the third attorney, who was unable to appear on 6 April, 1964, had requested only two continuances prior to that date, the first for the reason that he had just been retained by petitioner.

■■ Hence, we hold that neither waiver contention of the State is borne out by the record in this case. We deny the summary motion of petitioner which was taken with this appeal. We reverse the order of the trial court dismissing petition No. 2250 without an evidentiary hearing, and we remand this cause to the trial court for an evidentiary hearing.

Motion for summary remand denied.

Reversed and remanded for an evidentiary hearing.

STAMOS, P. J., and SCHWARTZ, J., concur.