THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED M. WILLIAMS, Defendant-Appellant.

(No. 73-181; )

Third District—February 20, 1975.

Mark Burkhalter, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In 1970 Fred M. Williams, the defendant, tendered a plea of guilty to the charge of aggravated battery. This plea was accepted, judgment was entered thereon by the Circuit Court of Kankakee County and he was sentenced to a term of imprisonment for not less than 7 nor more than 10 years. This conviction was appealed unsuccessfully to this court. See *People v. Williams,* 2 Ill.App.3d 939, 275 N.E.2d 215.

On March 12, 1973, in the Circuit Court of Kankakee County, he filed

a petition for Post-Conviction relief, the basis of which was that his sentence was unlawfully, disproportionately and unconstitutionally severe and as such violated article II, section II, of the Constitution of Illinois (1870). The following day the People filed a motion to dismiss the petition for post-conviction hearing. On March 15, 1973, the trial court ordered the petition dismissed. From a memorandum opinion filed by the trial court it is apparent that the dismissal order was based on the premises that the allegations of the defendant in his petition for post-conviction relief had been disposed of by his appeal to this court and that the petition failed to allege a basis for relief.

The defendant appeals from this order of dismissal and raises the issue that the trial court erred in failing to appoint counsel to perfect his petition for post-conviction relief.

Our criminal code provides for the appointment of counsel to represent an indigent petitioner in post-conviction hearing; however, the statutory language provides that such indigency be alleged and that a request for representation by counsel be made. See Ill. Rev. Stat., ch. 38, par. 122—4.

In the instant case it is clear that the defendant neither alleged indigence or requested counsel in regard to his petition for post-conviction relief. Failure to make such an allegation or request does not, however, absolve the trial court from appointing counsel or ascertaining if the defendant desires assistance of counsel if it appears from the docket sheet that the defendant had previously been found to be an indigent person. This is clearly the law as set forth by our supreme court in the case of People v. Dye, 50 Ill.2d 49, 277 N.E.2d 133.

An examination of the trial court's docket sheet, being the same one upon which the dismissal of the post-conviction petition appears, discloses that the defendant was found to be indigent and was represented by court-appointed counsel at the time of his conviction and also on his appeal to this court. The defendant, because of indigency, was further provided with a free transcript of the proceedings which resulted in his conviction. We follow the dictates set forth on the case of Dye and conclude that under these circumstances the trial court should have appointed counsel for the defendant or at least ascertained that he did not desire assistance of counsel before allowing the People's motion to dismiss. Further following the case of Dye, we direct that appointed counsel shall proceed as required by People v. Slaughter, 39 Ill.2d 278, 235 N.E.2d 566.

Having reached this conclusion the remaining question raised by the defendant, to-wit, whether or not his pro se petition presented a substantial denial of a constitutional right, is now moot and will not be considered by this court.

For the reasons set forth the judgment of the circuit court is reversed and the cause remanded with directions to proceed in accordance therewith.

Reversed and remanded.

ALLOY and DIXON, JJ., concur.