No. 3--05--0688
Filed June 29, 2007.

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.  95--CF--305 |
| SCOTT ENGLISH, | ) ) | Honorable Larry S. Vandersnick, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the Opinion of the court:
_____

Defendant, Scott English, was convicted of first degree felony murder and aggravated battery of a child in 1996.  In 1999, he filed a postconviction petition.  He later filed a motion to voluntarily dismiss the petition, which the trial court granted.  In 2004, defendant filed another postconviction petition.  The trial court treated it as a successive petition and dismissed it on the State's motion.  Defendant then filed a motion to reinstate and amend his original 1999 postconviction petition.  The trial court denied the motion.  We reverse and remand.

Defendant, Scott English, was convicted of first degree felony murder and aggravated battery of a child.  The trial court sentenced defendant to a mandatory term of life imprisonment.

On appeal, we affirmed defendant's convictions but remanded the case to the trial court for resentencing.  People v. English,

No. 3--96--0767 (2001) (unpublished order under Supreme Court Rule 23). On remand, the trial court sentenced defendant to 50 years imprisonment.

In 1999, while his appeal was pending, defendant filed a postconviction petition alleging that (1) he was not read his Miranda warnings prior to being questioned by police, (2) he was denied a fair trial because of trial and pre-trial publicity, and (3) his trial counsel was ineffective. Defendant also filed a motion requesting counsel, which the trial court granted.

Defendant's counsel filed an amended petition, alleging new grounds supporting defendant's ineffective assistance of trial counsel claim. On August 6, 2003, defendant's counsel filed a motion for voluntary dismissal of the postconviction petition, requesting that the court dismiss the petition "without prejudice." The trial court granted the motion.

On January 16, 2004, defendant filed a postconviction petition, arguing for the first time that aggravated battery of a child could not form the basis for his felony murder conviction under People v. Morgan, 197 Ill. 2d 404, 758 N.E.2d 813 (2001), and People v. Pelt, 207 Ill. 2d 434, 800 N.E.2d 1193 (2003). The State filed a motion to dismiss the petition, arguing that it was a successive petition filed without leave of court and that defendant could not satisfy the cause and prejudice test.

On May 24, 2004, the trial court granted the State's motion to dismiss, finding that defendant "failed to show cause for his failure to bring these claims in his initial post-conviction

2

petition." Defendant filed a motion to reconsider, which the court denied on July 23, 2004.

On August 5, 2004, defendant filed a motion to reinstate and amend the post-conviction petition he filed in 1999. The State filed a motion to dismiss. The trial court denied defendant's motion to reinstate on September 26, 2005.

On September 27, 2005, defendant appealed. In his notice of appeal, defendant identified the trial court's September 26, 2005 order as the order from which he was appealing.

The Post-Conviction Hearing Act (Act) provides defendants with a means of challenging their convictions or sentences for constitutional violations. 725 ILCS 5/122--1 et seq. (West 2004). The Act establishes a three-stage process for adjudicating postconviction petitions. 725 ILCS 5/122--1 through 122--8 (West 2004); People v. Williams, 364 Ill. App. 3d 1017, 1022, 848 N.E.2d 254, 258 (2006).

At any stage prior to entry of judgment, the trial court may grant leave to voluntarily withdraw the petition. 725 ILCS 5/122--5 (West 2004). The trial court may also enter orders allowing parties to amend petitions and other pleadings, file further pleadings, or extend the time of filing pleadings "as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122--5 (West 2004).

The Act contemplates the filing of only one postconviction petition. People v. Spears, 371 Ill. App. 3d 1000, 864 N.E.2d 758,

3

762 (2007).  A defendant may file a second postconviction petition only if he receives leave of court.  <u>Spears</u>, 371 Ill. App. 3d 1000, 864 N.E.2d at 762.

When a trial court dismisses a postconviction petition, the defendant must file a timely notice of appeal to vest the appellate court with jurisdiction to review the dismissal.  See <u>People v. Fikara</u>, 345 Ill. App. 3d 144, 152, 802 N.E.2d 260, 266 (2003).  We review <u>de</u> <u>novo</u> a trial court's dismissal of a postconviction petition.  <u>Williams</u>, 364 Ill. App. 3d at 1023, 848 N.E.2d at 258.

### I. Trial Court's May 24, 2004 Order

The State argues that we have no jurisdiction to review the trial court's May 24, 2004 order because defendant's notice of appeal was untimely.

When a final order is entered, Supreme Court Rule 606(b) requires that a notice of appeal be filed within 30 days of entry of the order or disposition of a timely filed motion attacking the judgment. 188 Ill. 2d R. 606(b).   Here, defendant filed his notice of appeal on September 2005, over a year after the trial court denied his motion to reconsider the dismissal of his 2004 postconviction petition.  Thus, defendant did not timely perfect his appeal of the trial court's May 2004 dismissal of his petition. We do not have jurisdiction to review that order.  See <u>Fikara</u>, 345 Ill. App. 3d at 152, 802 N.E.2d at 266.

### II.  Trial Court's September 26, 2005 Order

Defendant contends that the trial court erred by denying his motion to reinstate and amend his initial postconviction petition

4

filed in 1999 because the motion was filed within one year of his voluntarily dismissal.

Section 122--5 of the Act gives a court discretion to allow the voluntary withdrawal of a postconviction petition at any time before judgment is entered. See People v. Wright, 149 Ill. 2d 36, 54, 594 N.E.2d 276, 284 (1992); People v. Partee, 85 Ill. App. 3d 679, 683, 407 N.E.2d 215, 219 (1980). Voluntary withdrawal of postconviction petition is equivalent to a voluntary dismissal in a civil case. Cf. People v. McClure, 218 Ill. 2d 375, 843 N.E.2d 308 (2006) (voluntary withdrawal of a petition to rescind summary suspension is tantamount to a voluntary dismissal under section 13-217 of the Code of Civil Procedure). When a court allows a defendant to voluntarily withdraw an initial postconviction petition, the defendant can refile and reinstate the petition and have it treated as the original. See Partee, 85 Ill. App. 3d at 683, 407 N.E.2d at 219; People v. Johnson, 11 Ill. App. 3d 510, 514, 298 N.E.2d 346, 349 (1973). However, the Act does not state when a defendant may refile a voluntarily withdrawn petition.

Because post-conviction proceedings are "civil in nature" (People v. Johnson, 191 Ill. 2d 257, 270, 730 N.E.2d 1107, 1115 (2000); People v. Clements, 38 Ill. 2d 213, 215, 230 N.E.2d 185, 187 (1967)), a court may enter an order in post-conviction proceedings "as is generally provided in civil cases." 725 ILCS 5/122--5 (West 2004). This means applying the provisions of the Code of Civil Procedure (Code) (735 ILCS 5/1 et seq. (West 2004)). See McClure, 218 Ill. 2d at 383, 843 N.E.2d at 313. Of course, the

5

Code cannot conflict with provisions of the Act. See Clements, 38 Ill. 2d at 215-16, 230 N.E.2d at 187; People v. Deming, 87 Ill. App. 3d 953, 957-58, 409 N.E.2d 352, 355 (1980). But the Code can be looked to for guidance if the Act is silent concerning a procedural matter. See 725 ILCS 5/122--5 (West 2004) (allowing courts to enter orders in postconviction proceedings as in "civil cases").

In McClure, the Illinois Supreme Court held that section 13-217 of the Code allows a driver who voluntarily withdraws his initial petition to rescind a statutory summary suspension to refile the petition within one year because summary suspension hearings are "civil in nature" and "shall proceed in the court in the same manner as in other civil proceedings." See McClure, 218 Ill. 2d at 382-85, 843 N.E.2d at 312-14 (citing People v. Moore, 138 Ill. 2d 162, 167, 561 N.E.2d 648 (1990); 625 ILCS 5/2-118.1(b) (West 2002)). Similarly, since we have determined that postconviction proceedings are civil in nature, the one year savings clause set forth in section 13-217 of the Code applies to this case.

Section 13-217 provides that a plaintiff who voluntarily dismisses his action "may commence a new action within one year * * * after the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13--217 (West 2004). A postconviction petition timely filed within one year of voluntarily withdrawing an initial petition under section 13-217 should not be dismissed.

6

Here, the trial court granted defendant's motion to voluntarily dismiss his initial postconviction petition on August 6, 2003. On August 5, 2004, defendant moved to reinstate and amend that petition. His motion was filed within one year of the voluntary withdrawal; it should have been allowed. We remand the cause to allow the trial court to reinstate the original postconviction petition, with amendments, and treat it as an initial petition.

The order of the circuit court of Henry County is reversed and remanded.

Reversed and remanded.

MCDADE and O'BRIEN, JJ., concurring.