No. 3--05--0688

_____
Filed April 8, 2008
                          IN THE

                APPELLATE COURT OF ILLINOIS

                      THIRD DISTRICT

                      A.D., 2008

PEOPLE OF THE STATE OF        )    Appeal from the Circuit Court
ILLINOIS,                     )    of the 14th Judicial Circuit,
                              )    Henry County, Illinois
        Plaintiff-Appellee,   )
                              )
        v.                    )    No.  95--CF--305
                              )
SCOTT ENGLISH,                )    Honorable
                              )    Larry S. Vandersnick,
        Defendant-Appellant.  )    Judge Presiding.
_____

        JUSTICE LYTTON delivered the Opinion of the court:
_____

     Defendant, Scott English, was convicted of first degree felony

murder and aggravated battery of a child in 1996.  In 1999, he

filed a postconviction petition.  He later filed a motion to

voluntarily dismiss the petition, which the trial court granted.

In 2004, defendant filed another postconviction petition.  The

trial court treated it as a successive petition and dismissed it on

the State's motion.  Defendant then filed a motion to reinstate and

amend his original 1999 postconviction petition.  The trial court

denied the motion.  We reversed and remanded.

     Thereafter, the Illinois Supreme Court entered a supervisory

order directing us to vacate our judgment and consider whether we

should review the trial court's decision to dismiss defendant's

postconviction petition for an abuse of discretion. Upon further consideration, we believe that we properly applied the de novo standard to review the trial court's dismissal of defendant's postconviction petition.

BACKGROUND

Defendant, Scott English, was convicted of first degree felony murder and aggravated battery of a child. The trial court sentenced defendant to a mandatory term of life imprisonment.

On appeal, we affirmed defendant's convictions but remanded the case to the trial court for resentencing. People v. English, No. 3--96--0767 (2001) (unpublished order under Supreme Court Rule 23). On remand, the trial court sentenced defendant to 50 years imprisonment.

In 1999, while his appeal was pending, defendant filed a postconviction petition alleging that (1) he was not read his Miranda warnings prior to being questioned by police, (2) he was denied a fair trial because of trial and pre-trial publicity, and (3) his trial counsel was ineffective. Defendant also filed a motion requesting counsel, which the trial court granted.

Defendant's counsel filed an amended petition, alleging new grounds supporting defendant's ineffective assistance of trial counsel claim. On August 6, 2003, defendant's counsel filed a motion for voluntary dismissal of the postconviction petition, requesting that the court dismiss the petition "without prejudice."

2

The trial court granted the motion.

On January 16, 2004, defendant filed a postconviction petition, arguing for the first time that aggravated battery of a child could not form the basis for his felony murder conviction under People v. Morgan, 197 Ill. 2d 404, 758 N.E.2d 813 (2001), and People v. Pelt, 207 Ill. 2d 434, 800 N.E.2d 1193 (2003). The State filed a motion to dismiss the petition, arguing that it was a successive petition filed without leave of court and that defendant could not satisfy the cause and prejudice test.

On May 24, 2004, the trial court granted the State's motion to dismiss, finding that defendant "failed to show cause for his failure to bring these claims in his initial post-conviction petition." Defendant filed a motion to reconsider, which the court denied on July 23, 2004.

On August 5, 2004, defendant filed a motion to reinstate and amend the postconviction petition he filed in 1999. The State filed a motion to dismiss. The trial court denied defendant's motion to reinstate on September 26, 2005.

On September 27, 2005, defendant appealed. In his notice of appeal, defendant identified the trial court's September 26, 2005 order as the order from which he was appealing.

### ANALYSIS

The Post-Conviction Hearing Act (Act) provides defendants with a means of challenging their convictions or sentences for

3

constitutional violations. 725 ILCS 5/122--1 et seq. (West 2004). The Act establishes a three-stage process for adjudicating postconviction petitions. 725 ILCS 5/122--1 through 122--8 (West 2004); People v. Williams, 364 Ill. App. 3d 1017, 1022, 848 N.E.2d 254, 258 (2006).

At any stage prior to entry of judgment, the trial court may grant leave to voluntarily withdraw the petition. 725 ILCS 5/122--5 (West 2004). The trial court may also enter orders allowing parties to amend petitions and other pleadings, file further pleadings, or extend the time of filing pleadings "as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122--5 (West 2004).

The Act contemplates the filing of only one postconviction petition. People v. Spears, 371 Ill. App. 3d 1000, 864 N.E.2d 758, 762 (2007). A defendant may file a second postconviction petition only if he receives leave of court. Spears, 371 Ill. App. 3d 1000, 864 N.E.2d at 762. When a trial court dismisses a postconviction petition, the defendant must file a timely notice of appeal to vest the appellate court with jurisdiction to review the dismissal. See People v. Fikara, 345 Ill. App. 3d 144, 152, 802 N.E.2d 260, 266 (2003).

Generally, an appellate court reviews de novo a trial court's dismissal of a postconviction petition. See Williams, 364 Ill. App. 3d at 1023, 848 N.E.2d at 258. Nevertheless, the supreme

court has instructed us to consider whether we should apply an abuse of discretion standard to review the trial court's dismissal of defendant's petition, citing section 122-5 of the Code of Criminal Procedure (Code) (725 ILCS 5/122-5 (West 2004)). Section 122-5 of the Code provides in pertinent part:

> The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition. The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases. 725 ILCS 5/122-5 (West 2004).

While section 122-5 gives a court discretion with respect to several matters, including leave to withdraw a petition, it does not address how or when a trial court may reinstate a voluntarily withdrawn postconviction petition. Because our analysis of this issue presents a question of law that we must decide through statutory interpretation, we apply a de novo standard of review. See Brown v. ACMI Pop Division, 375 Ill. App. 3d 276, 283, 873 N.E.2d 954, 959 (2007).

### I. Trial Court's May 24, 2004 Order

The State argues that we have no jurisdiction to review the

5

trial court's May 24, 2004 order because defendant's notice of appeal was untimely.

When a final order is entered, Supreme Court Rule 606(b) requires that a notice of appeal be filed within 30 days of entry of the order or disposition of a timely filed motion attacking the judgment. 188 Ill. 2d R. 606(b).  Here, defendant filed his notice of appeal on September 2005, over a year after the trial court denied his motion to reconsider the dismissal of his 2004 postconviction petition.  Thus, defendant did not timely perfect his appeal of the trial court's May 2004 dismissal of his petition. We do not have jurisdiction to review that order.  See Fikara, 345 Ill. App. 3d at 152, 802 N.E.2d at 266.

II.  Trial Court's September 26, 2005 Order

Defendant contends that the trial court erred by denying his motion to reinstate and amend his initial postconviction petition filed in 1999 because the motion was filed within one year of his voluntarily dismissal.

Section 122--5 of the Act gives a court discretion to allow the voluntary withdrawal of a postconviction petition at any time before judgment is entered.  725 ILCS 5/122-5 (West 2004); see People v. Wright, 149 Ill. 2d 36, 54, 594 N.E.2d 276, 284 (1992); People v. Partee, 85 Ill. App. 3d 679, 683, 407 N.E.2d 215, 219 (1980).  Voluntary withdrawal of postconviction petition is equivalent to a voluntary dismissal in a civil case.  Cf. People v.

6

McClure, 218 Ill. 2d 375, 843 N.E.2d 308 (2006) (voluntary withdrawal of a petition to rescind summary suspension is tantamount to a voluntary dismissal under section 13-217 of the Code of Civil Procedure). When a court allows a defendant to voluntarily withdraw an initial postconviction petition, the defendant can refile and reinstate the petition and have it treated as the original. See Partee, 85 Ill. App. 3d at 683, 407 N.E.2d at 219; People v. Johnson, 11 Ill. App. 3d 510, 514, 298 N.E.2d 346, 349 (1973). However, the Act does not state when a defendant may refile a voluntarily withdrawn petition.

Because postconviction proceedings are "civil in nature" (People v. Johnson, 191 Ill. 2d 257, 270, 730 N.E.2d 1107, 1115 (2000); People v. Clements, 38 Ill. 2d 213, 215, 230 N.E.2d 185, 187 (1967)), a court may enter an order in postconviction proceedings "as is generally provided in civil cases." 725 ILCS 5/122--5 (West 2004). This means applying the provisions of the Code of Civil Procedure (Code) (735 ILCS 5/1 et seq. (West 2004)). See McClure, 218 Ill. 2d at 383, 843 N.E.2d at 313. Of course, the Code cannot conflict with provisions of the Act. See Clements, 38 Ill. 2d at 215-16, 230 N.E.2d at 187; People v. Deming, 87 Ill. App. 3d 953, 957-58, 409 N.E.2d 352, 355 (1980). But the Code can be looked to for guidance if the Act is silent concerning a procedural matter. See 725 ILCS 5/122--5 (West 2004) (allowing courts to enter orders in postconviction proceedings as in "civil

7

cases").

In McClure, the Illinois Supreme Court held that section 13-217 of the Code allows a driver who voluntarily withdraws his initial petition to rescind a statutory summary suspension to refile the petition within one year because summary suspension hearings are "civil in nature" and "shall proceed in the court in the same manner as in other civil proceedings." See McClure, 218 Ill. 2d at 382-85, 843 N.E.2d at 312-14 (citing People v. Moore, 138 Ill. 2d 162, 167, 561 N.E.2d 648 (1990); 625 ILCS 5/2-118.1(b) (West 2002)). Similarly, since our supreme court has determined that postconviction proceedings are civil in nature, the one year savings clause set forth in section 13-217 of the Code applies to this case. See Johnson, 191 Ill. 2d at 270, 730 N.E.2d at 1115; Clements, 38 Ill. 2d at 215, 230 N.E.2d at 187.

Section 13-217 provides that a plaintiff who voluntarily dismisses his action "may commence a new action within one year * * * after the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13--217 (West 2004). A postconviction petition timely filed within one year of voluntarily withdrawing an initial petition under section 13-217 should not be dismissed.

Here, the trial court granted defendant's motion to voluntarily dismiss his initial postconviction petition on August 6, 2003. On August 5, 2004, defendant moved to reinstate and amend that petition. His motion was filed within one year of the

8

voluntary withdrawal; it should have been allowed.  We remand the cause to allow the trial court to reinstate the original postconviction petition, with amendments, and treat it as an initial petition.

CONCLUSION

The order of the circuit court of Henry County is reversed and remanded.

Reversed and remanded.

MCDADE, PJ., and O'BRIEN, J., concurring.