# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. English*, 2011 IL App (3d) 100764

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT F. ENGLISH, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3–10–0764 |
| Filed | June 27, 2011 |
| Rehearing denied | July 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Consideration of defendant's postconviction claim that his conviction for aggravated battery of a child could not serve as the predicate forcible felony to support his conviction for felony murder was barred by the doctrine of *res judicata*, since defendant could have raised that issue in his direct appeal, but he did not, and consideration of defendant's claim that his appellate counsel was ineffective in failing to raise the issue in defendant's direct appeal was barred on the ground that defendant's claim was raised for the first time in his reply brief. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 95–CF–305; the Hon. Charles H. Stengel, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Kerry J. Bryson (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Terry A. Mertel and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.

Presiding Justice Carter and Justice Wright concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Scott English, appeals the dismissal of his postconviction petition. Following a hearing on the State's motion to dismiss, the trial court found the doctrine of *res judicata* barred consideration of defendant's claims. Defendant asserts the trial court erred in dismissing his petition as the acts constituting his felony murder conviction arose from and were inherent in the underlying felony of aggravated battery of a child. We affirm.

¶ 2                                        FACTS

¶ 3    As this court has previously considered this matter in *People v. English*, No. 3–96–0767 (2000) (unpublished order under Supreme Court Rule 23) (*English I*), and *People v. English*, 381 Ill. App. 3d 906 (2008) (*English II*), and the facts are well known to the parties, we will only briefly recite the facts of the case.

¶ 4    In October of 1995, the State charged defendant in the death of three-year-old Jami Sue Pollock. Originally, the State charged defendant with first degree murder (720 ILCS 5/9–1(a)(2) (West 1996)), first degree felony murder predicated on the felony of aggravated battery of a child (720 ILCS 5/9–1(a)(3) (West 1996)), and aggravated battery of a child (720 ILCS 5/12–4.3(a) (West 1996)). Evidence adduced at trial showed Jami had 10 separate bruises on her body when brought into the emergency room. The bruises appeared to range between one week and one day old. Defendant admitted to the police that he struck Jami a number of times as routine measures of discipline on the night she was found unresponsive, but could not tell exactly where on her body he struck her as she was bundled in blankets.

¶ 5    A forensic pathologist testified that, during the autopsy, she found "many, many, many" bruises and "many, many injuries" on Jami's body. Jami's face was pale and bruised, as if she "either had something pressed against her face or her face pressed against something." Jami had fingernail scratches on her chest that appeared self-inflicted as she tried "to scratch

or scrape or claw something away." Jami had an eight-centimeter bruise on the back of her head and "massive" hemorrhaging beneath her scalp caused by "heavy, rapid or massive" force to Jami's head.

¶ 6　　According to the pathologist, Jami's injuries were inconsistent with being struck as described by defendant or wrapped too tightly in a blanket. The pathologist attributed Jami's death to blunt force injuries to her head and chest, and asphyxia, either of which would have caused death.

¶ 7　　At the close of trial, the circuit court granted the State's motion to dismiss the first degree murder charge. Over defense counsel's objection, the circuit court refused to instruct the jury on the offense of involuntary manslaughter. The jury found defendant guilty on the charges of felony murder and aggravated battery of a child. The circuit court then sentenced defendant to natural life.

¶ 8　　In *English I*, this court held "the circuit court did not abuse its discretion when it did not instruct the jury on involuntary manslaughter." *English I*, slip op. at 11. In reaching that conclusion, the *English I* court noted that the trial court instructed the jury on both recklessness and knowing conduct and stated that, "The evidence in this case shows that English acted with intent to cause great bodily harm. The jury found English guilty of aggravated battery of a child and, therefore, that he acted intentionally or knowingly. It could not also have found that he acted recklessly. Consequently, the jury found English guilty of felony murder. Had the jury found that English merely acted recklessly, it should have acquitted him of aggravated battery of a child and could not have convicted him of felony murder." *English I*, slip op. at 11.

¶ 9　　As the statute under which the circuit court imposed defendant's life sentence was found to violate the single subject clause (see *People v. Wooters*, 188 Ill. 2d 500 (1999)), we vacated defendant's life sentence on direct appeal in *English I* and remanded for further proceedings. *English I*, slip op. at 12.

¶ 10　　In 1999, during the pendency of defendant's direct appeal, he filed a postconviction petition, which he later voluntarily dismissed on August 6, 2003. Then, in 2004, he filed another postconviction petition. The trial court treated the 2004 petition as a successive petition and dismissed it on May 24, 2004, pursuant to the State's motion. Defendant then filed a motion to reinstate his original 1999 petition. By order entered September 26, 2005, the trial court denied defendant's motion to reinstate and defendant, again, appealed to this court.

¶ 11　　In *English II*, this court held it had no jurisdiction to consider the dismissal of defendant's 2004 postconviction petition as the trial court dismissed that petition on May 24, 2004, and defendant failed to file a timely notice of appeal. *English II*, 381 Ill. App. 3d at 909. However, the *English II* court noted that defendant did, in fact, file a timely notice of appeal after denial of his motion to reinstate his 1999 petition. In addressing that matter, the *English II* court held the trial court erred in denying defendant's motion to reinstate his 1999 petition. *English II*, 381 Ill. App. 3d at 910. The court noted that defendant voluntarily dismissed his 1999 petition on August 6, 2003, and moved to reinstate the petition on August 5, 2004. As postconviction proceedings are civil in nature, the *English II* court found that pursuant to

section 13–217 of the Code of Civil Procedure (735 ILCS 5/13–217 (West 2004)), defendant had one year to refile or reinstate his voluntarily dismissed petition. *English II*, 381 Ill. App. 3d at 910. As such, the *English II* court reversed the trial court's denial of defendant's motion to reinstate his original petition and remanded "the cause to allow the trial court to reinstate the original postconviction petition, with amendments, and treat it as an initial petition." *English II*, 381 Ill. App. 3d at 910.

¶ 12    On remand, defendant filed an amended petition, arguing that his felony murder conviction based on the predicate felony of aggravated battery of a child must be vacated because the acts constituting aggravated battery of a child arose from and were inherent in the killing of the child. The State filed an answer and motion to dismiss in which it argued that the doctrine of *res judicata* barred defendant's claims and that the authorities cited by defendant to support his conclusions were distinguishable from the case at bar.

¶ 13    A hearing took place on September 29, 2010, after which the trial court "denied" defendant's "amended petition for postconviction relief." This appeal followed.

¶ 14                                ANALYSIS

¶ 15    The trial court's denial of defendant's petition took place after a third-stage hearing. Our supreme court has consistently maintained that at such a hearing, "the burden is on the defendant to make a substantial showing of a deprivation of constitutional rights and the circuit court's decision will not be disturbed unless it is manifestly erroneous." *People v. Coleman*, 206 Ill. 2d 261, 277 (2002). "The term 'manifest error' means error that is 'clearly evident, plain and indisputable.' " *Coleman*, 206 Ill. 2d at 277 (quoting *People v. Ruiz*, 177 Ill. 2d 368, 384-85 (1997)).

¶ 16    Citing *People v. Morgan*, 197 Ill. 2d 404 (2001), and *People v. Pelt*, 207 Ill. 2d 434 (2003), defendant alleged in his amended petition that the acts constituting the aggravated battery of a child arose from and were inherent in the killing of the child. Given the holdings of those cases, defendant maintains on appeal that the trial court erred by denying his petition and failing to vacate his conviction for felony murder based on the predicate felony of aggravated battery of a child.

¶ 17    The State asserts that defendant's claim is barred by the doctrine of *res judicata* or procedurally defaulted. We agree. Our supreme court has consistently held:

"Postconviction claims are limited to those claims that were not and could not have been previously adjudicated on direct appeal. [Citation.] Claims that were raised and decided on direct appeal are barred by *res judicata* and those claims that could have been raised, but were not, are considered waived." *People v. Sanders*, 238 Ill. 2d 391, 398 (2010) (citing *People v. Towns*, 182 Ill. 2d 491, 502-03 (1998)).

See also *People v. Petrenko*, 237 Ill. 2d 490, 499 (2010) ("A postconviction proceeding is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings. [Citation.] Consequently, issues that could have been raised on direct appeal but were not are forfeited. [Citation.] Here, defendant's claim concerning trial counsel's failure to contest the validity of the search warrant is based entirely on facts contained in the trial court record. That claim therefore could have been raised on direct appeal, and

defendant's failure to do so results in its forfeiture."); *People v. West*, 187 Ill. 2d 418, 425 (1999) ("A post-conviction action is a collateral attack on a prior conviction and sentence. [Citations.] *** The scope of the proceeding is limited to constitutional matters that neither have been, nor could not have been, previously adjudicated. Any issues which could have been raised on direct appeal, but were not, are procedurally defaulted [citation], and any issues which have previously been decided by a reviewing court are barred by the doctrine of *res judicata* [citation]."); *People v. Winsett*, 153 Ill. 2d 335, 346 (1992) ("It is well established that the scope of post-conviction review is limited to constitutional matters which have not been, and could not have been, previously adjudicated.").

¶ 18    The claim raised in defendant's postconviction petition, that his felony murder conviction is improper as it is based on acts constituting the underlying predicate felony of aggravated battery of a child, is based entirely on matters contained within the trial record. Undoubtedly, defendant could have raised this issue in the direct appeal he filed in 1996. The question of whether an aggravated battery that resulted in death could serve as the predicate felony to sustain a felony murder conviction was not a new or novel concept in 1996. See *People v. Viser*, 62 Ill. 2d 568 (1975); *People v. Thurman*, 223 Ill. App. 3d 196, 202 (1991) ("Defendant argues that a charge of felony murder cannot be based on aggravated battery. Because every murder involves an aggravated battery, defendant argues that every murder could be charged as felony murder ***."); *People v. Bennett*, 222 Ill. App. 3d 188 (1991); *People v. Szerletich*, 86 Ill. App. 3d 1121 (1980).

¶ 19    The fact that cases decided after defendant's direct appeal added authority to the long line of cases discussing felony murder, and specifically discussing aggravated battery as the predicate felony that serves as the basis for a felony murder conviction, in no way precluded defendant from raising the issue he raised for the first time in his postconviction petition. See *People v. Leason*, 352 Ill. App. 3d 450, 454 (2004) ("[T]he lack of precedent for a position differs from 'cause' for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, to preserve it for review."); *People v. Purnell*, 356 Ill. App. 3d 524 (2005) (citing the proposition quoted in *Leason* with approval).

¶ 20    We find defendant could have raised the issue of whether his conviction for aggravated battery of a child properly served as the predicate forcible felony to support his felony murder conviction on direct appeal. He did not. As such, consideration of that issue is barred by the doctrine of *res judicata*.

¶ 21    In his reply brief, defendant raises the issue of ineffective assistance of appellate counsel for the first time. He asserts that if we found, as we have, that his claim is forfeited or barred by the doctrine of *res judicata*, then we must also find his appellate counsel constitutionally ineffective for not previously raising the claim. We disagree.

¶ 22    Almost a century ago, our supreme court noted, "Under the rules of this court and its long[-]settled practice, questions not raised by appellants in the original brief cannot be raised in the reply brief. A contrary practice would permit appellants to argue questions in their reply briefs as to which counsel for appellees would have no opportunity to reply. Th[ese] question[s] therefore need not be considered." *Holliday v. Shepherd*, 269 Ill. 429, 436 (1915); see also *People v. Lindsey*, 72 Ill. App. 3d 764, 776 (1979); *Illinois Health*

*Maintenance Organization Guaranty Ass'n v. Department of Insurance*, 372 Ill. App. 3d 24 (2007); *People ex rel. Village of Vernon Hills v. Village of Lincolnshire*, 283 Ill. App. 3d 266 (1996).

¶ 23        As defendant raised the issue of ineffective assistance of appellate counsel for the first time in his reply brief, it need not be considered. Moreover, defendant's claim that his direct appellate counsel's performance was constitutionally ineffective for failing to raise *Pelt* or *Morgan* has no merit.

¶ 24        In *People v. Viser*, 62 Ill. 2d 568 (1975), the defendant argued that an aggravated battery of jumping on a police officer's chest "cannot be the underlying felony in a felony murder charge where the aggravated battery is alleged to have been committed against the person who eventually dies." (Internal quotation marks omitted.) *Viser*, 62 Ill. 2d at 577. Our supreme court disagreed and clearly held that aggravated battery can properly serve as the predicate felony to sufficiently support a felony murder conviction. *Viser*, 62 Ill. 2d at 586-87. The *Viser* court noted:

> "[W]e are not concerned with whether the General Assembly, in establishing the offense of felony murder, intended to deter the criminal from the commission of rape, or robbery, or burglary, but not to deter him from the violent assault that accompanies each of those offenses. That kind of fragmentation of legislative purpose cannot survive the forthright characterization of aggravated battery as one of the forcible felonies that will trigger a charge of felony murder. What was intended was to deter the commission of any of the enumerated forcible felonies, including aggravated battery, by holding the perpetrator responsible for murder if death results." *Viser*, 62 Ill. 2d at 580.

¶ 25        When defendant filed his direct appeal, in 1996, *Viser* stood as the law of the land and as such we fail to see how appellate counsel could have been ineffective for failing to raise the 2001 case of *Morgan* or 2003 case of *Pelt* when filing the 1996 appeal.

¶ 26        While we acknowledge *Morgan* and *Pelt* somewhat depart from the holding in *Viser*, it is clear our supreme court firmly stands behind the statements it made in *Viser*. Approximately six years after *Pelt*, our supreme court unequivocally noted that "felony murder predicated on aggravated battery is a legally existent crime in Illinois." *People v. Davis*, 233 Ill. 2d 244, 268 (2009). The *Davis* court went on to note that our supreme court in *Viser* "held that felony murder predicated on aggravated battery is a valid and existing crime" in Illinois and that "*Viser* has never been overruled by this court, and was essentially reaffirmed by our most recent decision in this area in *People v. Davis*, 213 Ill. 2d 459, 475 (2004)."

¶ 27        Again, as defendant has raised his ineffective assistance of appellate counsel claim for the first time in his reply brief, we need not address the issue. Were we to address it, however, we would find it is without merit.

¶ 28                                                    CONCLUSION

¶ 29        For the foregoing reasons, the order of the circuit court of Henry County is affirmed.

¶ 30        Affirmed.