# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Macri*, 2011 IL App (2d) 100325

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GENO F. MACRI, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0325 |
| Filed | December 14, 2011 |
| Rehearing denied | January 18, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant filed a *pro se* postconviction petition after his convictions for first-degree murder, aggravated criminal sexual assault and unlawful possession of a stolen motor vehicle were affirmed on direct appeal, and almost eight years later he voluntarily dismissed his petition, but then he filed a "Motion to Reinstate Post-Conviction Petition" and a "Supplemental Petition for Post-Conviction Relief," the trial court's denial of the motion was upheld over defendant's contention that the "Supplemental Petition for Post-Conviction Relief" was a new original petition that the trial court should have ruled on within 90 days, since a petition refiled more than one year after its withdrawal and beyond the limitations period is not entitled to automatic reinstatement and treatment as a new original petition. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 93-CF-1879; the Hon. Perry R. Thompson, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Thomas A. Lilien and Jaime L. Montgomery, both of State Appellate Defender's Office, of Elgin, for appellant. |
|---|---|
| | Robert B. Berlin, State's Attorney, of Wheaton (Stephen E. Norris, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion. Justices Bowman and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1     At issue in this appeal is whether, when a defendant withdraws a postconviction petition and files a subsequent one more than one year later and beyond the limitations period, the refiled petition is to be treated as a new original petition where the trial court denies the defendant's motion to refile or reinstate the petition. We deem that it is not. Thus, we affirm.

¶ 2     The facts relevant to resolving this appeal are as follows. Following a bench trial, defendant, Geno F. Macri, was convicted of first-degree murder (720 ILCS 5/9-1(a)(1) (West 1994)), aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 1994)), and unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 1994)). Defendant was sentenced to death for first-degree murder, which sentence was later commuted to life in prison, and concurrent terms of 60 years for aggravated criminal sexual assault and 7 years for possession of a stolen motor vehicle. Defendant appealed directly to the Illinois Supreme Court, which affirmed defendant's conviction and sentence. *People v. Macri*, 185 Ill. 2d 1 (1998).

¶ 3     On September 18, 1996, defendant filed a *pro se* postconviction petition. While that petition was pending, the United States Supreme Court denied his petition for *certiorari*. *Macri v. Illinois*, 528 U.S. 829 (1999). On April 26, 2004, defendant voluntarily withdrew his petition. Almost six years later, on February 2, 2010, defendant filed a "Motion to Reinstate Post-Conviction Petition" and a "Supplemental Petition for Post-Conviction Relief." Nowhere in this petition did defendant profess that he was actually innocent. The trial court denied the motion on March 4, 2010, and defendant timely appealed.

¶ 4     On appeal, defendant contends that his "Supplemental Petition for Post-Conviction Relief" was a "new original petition," and, because the trial court failed to rule on the merits of the petition within 90 days, his "new original petition" must be remanded for stage-two proceedings under the Post-Conviction Hearing Act (Act) (see 725 ILCS 5/122-2.1(b) (West 2010)). Because this issue concerns a question of law, our review is *de novo*. See *People v. English*, 381 Ill. App. 3d 906, 908 (2008).

-2-

¶ 5 Section 122-5 of the Act (725 ILCS 5/122-5 (West 2010)) addresses withdrawing and refiling a petition. Specifically, it provides, in relevant part:

"The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition. The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2010).

¶ 6 In *English*, the court construed section 122-5 of the Act. There, the defendant filed his first petition in 1999, while his direct appeal was pending. *English*, 381 Ill. App. 3d at 907. On August 6, 2003, that petition was voluntarily withdrawn. *Id.* On August 5, 2004, the defendant moved to reinstate and amend his original petition. *Id.* The trial court denied the motion, and the defendant appealed. *Id.*

¶ 7 On appeal, the court construed section 122-5 of the Act as meaning that, if a defendant moves to refile or reinstate a petition within one year after it is withdrawn, the trial court must grant the motion. *Id.* at 910 (citing 735 ILCS 5/13-217 (West 1994)). Thus, because the defendant's motion to reinstate was filed within a year after his petition was withdrawn, the defendant's petition should have been automatically reinstated. *Id.* Given the facts, the court had no need to consider whether a petition filed beyond a year but within the limitations period delineated in section 122-1(c) of the Act (725 ILCS 5/122-1(c) (West 2010)) must likewise be automatically reinstated.

¶ 8 Here, defendant did not move to reinstate his petition within one year after it was voluntarily withdrawn. Rather, defendant waited six years after the petition was withdrawn, which was well outside of the limitations period delineated in section 122-1(c) of the Act, before seeking to refile it. Thus, even assuming that a petition sought to be refiled beyond a year but within the limitations period must be automatically reinstated, defendant was not entitled to have his petition automatically reinstated and treated as an original petition. *English*, 381 Ill. App. 3d at 910.

¶ 9 In reaching this conclusion, we note that defendant makes no argument that the trial court abused its discretion in denying his motion. See *People v. Wright*, 149 Ill. 2d 36, 54 (1992) (recognizing that section 122-5 of the Act grants the trial court a great deal of discretion). Rather, defendant argues only that his "Supplemental Petition for Post-Conviction Relief" must be treated as an original petition. Under defendant's view, once a defendant has voluntarily withdrawn a petition, that defendant may file a subsequent petition at any time without leave of the court and, when that petition is filed, it automatically is treated as an original petition. This simply is not so. Only if the trial court allowed defendant to reinstate his petition would his petition have been treated as an original petition.

¶ 10 For these reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 11 Affirmed.