# Illinois Official Reports

## Appellate Court

---

### *People v. Harris*, 2016 IL App (1st) 141778

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. GILBERT HARRIS, Petitioner-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-14-1778 |
| Filed | June 20, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 02-CR-21309 (02); the Hon. Thomas Joseph Hennelly, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Michael Gentithes, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Christine Cook, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Cunningham and Justice Connors concurred in the judgment and opinion. |

# OPINION

¶ 1        Petitioner-defendant, Gilbert Harris, was convicted of first degree murder in 2005. He filed his postconviction petition on May 7, 2010. The trial court advanced it to the second stage on October 15, 2010. On June 6, 2012, defendant filed a motion to withdraw the petition, which the trial court granted on June 8. On July 5, 2012, defendant filed a motion to vacate the prior order, which the trial court denied on July 27, 2012. On June 6, 2013, defendant filed a motion to refile and reinstate his May 2010 postconviction petition. On June 10, 2014, defendant filed a motion seeking a ruling on his motion to refile and reinstate. Defendant filed his notice of appeal on June 16, 2014, before receiving a ruling on the motion. The trial court denied the motion to refile and reinstate on January 9, 2015.

¶ 2        Before this court defendant argues the trial court erred in denying his motion to refile and reinstate. For the reasons set forth below, we find defendant's notice of appeal was not timely filed and the trial court was without jurisdiction to address the merits of defendant's motion to refile and reinstate.

## JURISDICTION

¶ 4        Based on our analysis, we conclude defendant's notice of appeal was not timely filed. Thus our decision is limited to the jurisdictional issue presented. *People v. Bailey*, 2014 IL 115459, ¶ 29; *People v. Flowers*, 208 Ill. 2d 291, 307 (2003).

## BACKGROUND

¶ 6        Defendant, Gilbert Harris, was convicted of first degree murder on July 8, 2005, and was sentenced to 55 years' imprisonment on September 6, 2005. This court affirmed his conviction on direct appeal on July 25, 2008. *People v. Harris*, 385 Ill. App. 3d 1129 (2008) (table) (unpublished order under Supreme Court Rule 23).

¶ 7        Defendant filed his postconviction petition on May 7, 2010. In his postconviction petition, defendant claims he is actually innocent of the crime and supports his argument with affidavits from eyewitnesses Raquel Winters and Kenneth Winters allegedly recanting their trial testimony. Defendant argued these affidavits would have changed the outcome at trial, where he testified that he had no involvement in the shooting of the decedent and argued he was misidentified by eye witnesses. Defendant also raised a claim of ineffective assistance of trial counsel and appellate counsel based upon their failure to raise several arguments that he alleges precluded him from receiving a fair trial.

¶ 8        After reviewing defendant's petition, the trial court appointed a public defender on October 15, 2010, and advanced it to a second stage proceeding. Defendant's attorney continued the case several times while she sought to investigate the affidavits of the two witnesses. On June 6, 2012, defendant's attorney filed a motion for leave to withdraw the postconviction petition. On June 8, 2012, after a brief hearing, the trial court granted the motion to withdraw the petition. On July 5, 2012, defendant's attorney filed a motion to vacate the June 8 order withdrawing the petition. At the hearing on the motion to vacate on July 27, defendant's attorney informed the court her investigator talked with the alleged affiants and the two individuals did not write the affidavits or sign them. The two individuals informed the

investigator they did not want to help the defendant and would not be recanting their trial testimony. After being informed of this, the trial court denied the motion to vacate.

¶ 9    On June 6, 2013, less than a year after the petition was withdrawn, defendant's attorney filed a motion to refile and reinstate the May 2010 petition. The motion stated defendant had provided names of several individuals who would attest defendant was with them. However, no new affidavits were attached to the motion. The case was then continued several times.

¶ 10    A hearing was held on January 31, 2014, where the procedural status of the case was discussed. A transcript from the proceeding demonstrates the trial court recalled denying the motion to vacate and did not believe it had any motion before it on which to rule. The proceeding concluded with the trial court reiterating that his prior order denying the motion to vacate would stand.

¶ 11    On June 10, 2014, defendant filed a motion to advance and reset. The motion requested the trial court rule on defendant's motion to reinstate so he may be given an opportunity to appeal. On June 16, 2014, defendant filed a motion in this court for leave to file a late notice of appeal related to the trial court's actions on January 31, 2014. On June 25, 2014, this court allowed defendant's late notice of appeal. On January 9, 2015, the trial court denied the motion to refile and reinstate.

¶ 12    ANALYSIS

¶ 13    Defendant raises one issue on appeal: whether the trial court erred in denying his motion to vacate his voluntary dismissal of his postconviction petition. However, the State argues we are without jurisdiction to hear defendant's appeal because the notice of appeal was not timely filed.

¶ 14    In support of its argument that this court lacks jurisdiction to hear defendant's appeal, the State argues the order entered on July 27, 2012, denying defendant's motion to vacate represents a final and appealable order. The State argues any notice of appeal should have been filed 30 days after this denial. In reply, the defendant argues the denial of the motion to vacate did not represent a final and appealable order because the motion to vacate did not seek to invoke his right to refile his postconviction petition. Defendant argues his right to refile pursuant to section 13-217 (735 ILCS 5/13-217 (West 2012)) was not addressed in either the motion to vacate or the order denying the motion. Defendant argues a final order did not arise until the court denied Harris his refilling rights in the January 31, 2014, order. However, this ignores that at the January 31 hearing the trial court merely reiterated that its prior order denying the motion to vacate would stand. Based on these facts and the relevant case law, the State is correct that the notice of appeal was not timely filed.

¶ 15    Illinois Supreme Court Rule 651 provides for an "appeal from a final judgment of the circuit court in any post-conviction proceeding shall lie to the Appellate Court in the district in which the circuit court is located." Ill. S. Ct. R. 651(a) (eff. Feb. 6, 2013). The rule provides that "an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals, as near as may be." Ill. S. Ct. R. 651(d) (eff. Feb. 6, 2013). Rule 606(b) states "the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014).

¶ 16    While the appeal is governed by the supreme court rules concerning criminal appeals, "[a] post-conviction proceeding is not part of the criminal process. Rather, it is a collateral attack on the judgment of conviction and is civil in nature." *People v. Johnson*, 191 Ill. 2d 257, 270 (2000). Since postconviction proceedings are civil in nature, a court may enter an order in postconviction proceedings as "generally provided in civil cases." 725 ILCS 5/122-5 (West 2014). This means applying the provisions of the Code of Civil Procedure (Code) (735 ILCS 5/1 *et seq.* (West 2014)). *People v. McClure*, 218 Ill. 2d 375, 383 (2006). However, the Code cannot conflict with provisions of the Post-Conviction Hearing Act (Act) (725 ILCS 5/1 *et seq.* (West 2014)). *People v. Clements*, 38 Ill. 2d 213, 215-16 (1967). But the Code can be looked to for guidance if the Act is silent concerning a procedural matter. See 725 ILCS 5/122-5 (West 2014) (allowing courts to enter orders in postconviction proceedings as in "civil cases").

¶ 17    Under our usual rules, a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a judgment. *People v. Bailey*, 2014 IL 115459, ¶ 14. In *Hawes v. Luhr Brothers, Inc.*, the plaintiff filed a voluntary dismissal without prejudice, which the trial court granted on October 23, 2001. *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 96 (2004). On November 19, 2001, the plaintiff filed a motion to vacate the order of dismissal, which the trial court granted. *Id.* at 97. On appeal, the issue before our supreme court was whether the trial court had jurisdiction to hear the plaintiff's motion to vacate the voluntary dismissal. *Id.* at 98.

¶ 18    The supreme court began its analysis with the common-law rule regarding vacating a voluntary dismissal. At common law, Illinois courts followed the *Weisguth* rule, which provided " '[i]n case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside.' " *Hawes*, 212 Ill. 2d at 99 (quoting *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, 543 (1916)). The court then examined the effect the Code had on the *Weisguth* rule and found section 2-1203 of the Code modified the *Weisguth* rule. *Id.* at 104-05. Important for our analysis, the court first looked at section 2-1203 of the Code and found "the plain language of section 2-1203(a) extends to any party, *without qualification*, the right to file a motion to vacate a judgment within 30 days of its entry." (Emphasis in original.) *Id.* at 105. The court then reiterated that "an order allowing a voluntary dismissal is a final judgment under Supreme Court Rule 272 (137 Ill. 2d R. 272) for purposes of appeal." *Id.* at 105-06 (citing *Swisher v. Duffy*, 117 Ill. 2d 376, 379-80 (1987)). The court ruled the trial court had jurisdiction to hear plaintiff's motion to vacate, because it was filed within 30 days of the trial court granting the voluntary dismissal. *Id.* at 106.

¶ 19    We find the trial court lost jurisdiction over this matter 30 days after it denied defendant's motion to vacate, which would have been August 27, 2012. After that date, the trial court did not have jurisdiction to rule on defendant's motion to refile and reinstate. Furthermore, any notice of appeal should have been filed 30 days after the denial of the postjudgment motion to vacate in order to be timely under Rule 606. Defendant's appeal was not filed until June 16, 2014, and was not timely filed.

¶ 20    In support of his contention the trial court should have granted the motion to vacate, defendant relies on *People v. English*, 381 Ill. App. 3d 906 (2008). In *English*, the Third District found section 13-217 allowed a defendant to vacate a voluntary dismissal and reinstate his original postconviction petition. *Id.* at 910. The motion to vacate was filed just shy of the one-year date from the trial court's grant of the motion to voluntarily dismiss. *Id.* Without

engaging in any substantive analysis as to whether or not the trial court had jurisdiction to rule on the motion to vacate, the Third District simply found the motion to vacate should have been granted because it was filed within the one-year time frame contemplated by section 13-217.

¶ 21 We decline to follow *English*. As previously stated, a voluntary dismissal represents a final judgment for the purposes of appeal. *Hawes*, 212 Ill. 2d at 105-06. Our supreme court has stated, "[t]he jurisdiction of trial courts to reconsider and modify their judgments is not indefinite. Normally, the authority of a trial court to alter a sentence terminates after 30 days." *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). Notably absent from the analysis in *English* is the trial court's ability to rule on a motion brought more than 30 days after a final judgment or order has been entered. Since the trial court loses jurisdiction 30 days after entry of judgment (or 30 days after ruling on a timely postjudgment motion), we decline to follow the ruling set forth in *English*.

¶ 22 Our determination does not interfere in a defendant's ability to refile his postconviction petition within one year. Our supreme court has determined the one-year savings clause set forth in section 13-217 of the Code applies to postconviction proceedings. *People v. Johnson*, 191 Ill. 2d 257, 270 (2000); *People v. Clements*, 38 Ill. 2d 213, 215 (1967). Our primary role in interpreting statutes is to ascertain and give effect to the intent of the legislature. *Hawes*, 212 Ill. 2d at 105. The plain language of a statute provides the most reliable indicator of legislative intent, and we must not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. *Id.* (citing *Kingbrook v. Pupurs*, 202 Ill. 2d 24, 29 (2002)). The language of the statute provides a plaintiff (or petitioner) may commence a "new action within one year." 735 ILCS 5/13-217 (West 2014). Accordingly, all defendant need do to invoke his right under section 13-217 is file his postconviction petition again. See *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 306 (1984) (noting the new case filed under section 13-217 is a separate cause of action).

¶ 23 CONCLUSION

¶ 24 For the reasons stated above, we find that trial court lost jurisdiction to address any matter in this case 30 days after it denied defendant's motion to vacate. Any notice of appeal needed to be filed 30 days after that denial, or by August 27, 2012. Accordingly, defendant's notice of appeal was not timely filed. Furthermore, the trial court was without jurisdiction to address defendant's motion to refile and reinstate and that order should be vacated. See *People v. Bailey*, 2014 IL 115459, ¶ 29 (concluding that where the trial court lacked jurisdiction to address the merits of defendant's motion to vacate, the appellate court should vacate the trial court's judgment and ordered the defendant's motion be dismissed).

¶ 25 Affirmed as modified.