# Illinois Official Reports

## Appellate Court

---

### *People v. Simms*, 2017 IL App (2d) 141251

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARYL SIMMS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-1251 |
| Filed | May 12, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 85-CF-707; the Hon. Daniel P. Guerin, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Fletcher P. Hamill, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman, Assistant State's Attorney, of counsel), for the People. |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion.<br>Justices Jorgensen and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Daryl Simms, appeals from the trial court's denial of his motion to reinstate a petition that he previously filed under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). The trial court ruled that the motion to reinstate was time-barred as a matter of law because defendant filed it more than one year after his postconviction petition was voluntarily dismissed. We conclude that the trial court had the discretion to grant the motion to reinstate if defendant sufficiently pleaded that the delay was not due to his culpable negligence. We therefore reverse and remand.

¶ 2                                         I. BACKGROUND

¶ 3        Following a bench trial, defendant was convicted of murder (Ill. Rev. Stat. 1985, ch. 38, ¶ 9-1(a)), aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-14(a)), criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-13(a)), armed robbery (Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2), home invasion (Ill. Rev. Stat. 1985, ch. 38, ¶ 12-11(a)), and residential burglary (Ill. Rev. Stat. 1985, ch. 38, ¶ 19-3(a)). He was sentenced to death. On direct appeal, the supreme court affirmed defendant's convictions but remanded for resentencing because the trial court had improperly allowed victim impact statements during sentencing. *People v. Simms*, 121 Ill. 2d 259, 275-76 (1988). On remand, defendant elected to be sentenced by a jury, which found him eligible for the death penalty. In the resulting appeal, the supreme court again remanded the cause for resentencing, this time due to an improper jury instruction. *People v. Simms*, 143 Ill. 2d 154, 171-72 (1991). Defendant was resentenced to death upon remand, and the supreme court affirmed on appeal. *People v. Simms*, 168 Ill. 2d 176, 182 (1995).

¶ 4        Defendant filed a postconviction petition on November 14, 1995. With the trial court's leave, he filed an amended postconviction petition on May 21, 1997. The trial court dismissed the amended petition without an evidentiary hearing. On appeal, the supreme court affirmed the dismissal of most of the claims but reversed the dismissal of claims alleging perjury. *People v. Simms*, 192 Ill. 2d 348, 392, 430 (2000). It remanded the cause for an evidentiary hearing. *Id.*

¶ 5        In January 2003, as part of a mass commutation of death sentences, then Governor George Ryan commuted defendant's death sentence to life imprisonment. At the time, defendant's postconviction petition was still pending. On July 7, 2004, defendant filed a pleading entitled "Withdrawal of Claims" in which he expressed a desire to withdraw the remaining postconviction claims. Defendant stated that he was aware that, after withdrawing the claims, no evidentiary hearing would take place. Defendant further stated that he was withdrawing the claims freely and voluntarily, after having consulted with his postconviction counsel. The same day, the trial court entered an order stating: "Petitioner wishing to withdraw Claims III, IV and V of his Amended Petition," those "[c]laims *** are withdrawn [and] no further proceedings remain pending in this court."

¶ 6        On October 18, 2011, defendant filed a petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)), seeking reinstatement of his postconviction petition. He argued that the July 7, 2004, order disposing of his remaining postconviction claims was void because (1) the State coerced him into withdrawing his petition, by stating that it would seek reinstatement of the death penalty if he succeeded on his postconviction challenge, (2) his postconviction counsel and the State fraudulently concealed

that the courts would likely decide that the reimposition of the death penalty would be unlawful, and (3) the procedure through which the withdrawal took place was unlawful. The trial court granted the State's motion to dismiss the section 2-1401 petition as untimely. On appeal, the Office of the State Appellate Defender sought to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993). We granted the motion to withdraw, stating that (1) a due-process violation did not *ipso facto* imply a void judgment and (2) no other exception to section 2-1401's two-year limitations period applied. *People v. Simms*, 2013 IL App (2d) 120204-U, ¶¶ 11-14 (summary order).

¶ 7 On July 1, 2014, defendant filed a motion to reinstate his postconviction petition; the trial court's ruling on that motion is the subject of the instant appeal. As part of the motion, defendant reasserted the postconviction claims that the supreme court had determined merited an evidentiary hearing. On July 22, 2014, the trial court ordered the State to file a response to the motion and ordered defendant to thereafter file a reply. The State argued in its response that the trial court should deny defendant's motion because under *People v. English*, 381 Ill. App. 3d 906 (2008), and *People v. Macri*, 2011 IL App (2d) 100325, a postconviction petition could not be reinstated more than one year after it was voluntarily withdrawn. In his reply, defendant argued, *inter alia*, that his situation was distinguishable from *Macri* because the supreme court had remanded some of his postconviction claims for an evidentiary hearing and because section 122-5 of the Postconviction Act (725 ILCS 5/122-5 (West 2014)) allowed the trial court to extend the time for filing pleadings.

¶ 8 On September 8, 2014, the trial court denied defendant's motion to reinstate as untimely pursuant to the cases cited by the State. The trial court denied defendant's motion to reconsider on October 21, 2014. This court granted defendant's motion for leave to file a late notice of appeal.

¶ 9 II. ANALYSIS

¶ 10 On appeal, defendant contests the trial court's denial of his motion to reinstate. As the trial court denied the petition as untimely as a matter of law, we review its ruling *de novo*. See *English*, 381 Ill. App. 3d at 908.

¶ 11 We begin by examining *English* and *Macri*, the cases relied on by the trial court. In *English*, the defendant was granted leave to voluntarily dismiss his postconviction petition without prejudice. *Id.* at 907. He then sought to reinstate it within one year, but the trial court denied his motion. *Id.* On appeal, the court stated as follows. Section 122-5 of the Postconviction Act (725 ILCS 5/122-5 (West 2004)) gives the trial court the discretion to allow the voluntary withdrawal of a postconviction petition at any time before judgment is entered. *English*, 381 Ill. App. 3d at 909. The voluntary withdrawal of a postconviction petition is the equivalent of a voluntary dismissal in a civil case. *Id.* A defendant who is permitted to voluntarily withdraw a postconviction petition can refile and reinstate it, but the Postconviction Act does not provide an explicit time limit for the refiling. *Id.*

¶ 12 Because postconviction proceedings are civil, a court can enter orders in such proceedings " 'as is generally provided in civil cases.' " *Id.* (quoting 725 ILCS 5/122-5 (West 2004)). Therefore, if the Postconviction Act is silent about a procedural matter, courts can look to the Code. *Id.* Section 13-217 of the Code (735 ILCS 5/13-217 (West 2004)) allows a plaintiff who voluntarily dismisses an action one year to refile the action, so a postconviction petition filed within one year after voluntary withdrawal is likewise timely. *English*, 381 Ill. App. 3d at 910.

As the defendant sought to reinstate his postconviction petition within one year after voluntarily dismissing it, the trial court erred by denying his motion to reinstate. *Id.*

¶ 13 In *Macri*, the defendant unsuccessfully sought to reinstate his postconviction petition almost six years after he withdrew it. *Macri*, 2011 IL App (2d) 100325, ¶ 3. On appeal, the defendant argued that the trial court should have treated his petition as a " 'new original petition.' " *Id.* ¶ 4. This court noted that the defendant's petition was filed beyond the one-year period in which a defendant was entitled to automatic reinstatement under *English* and that it was also beyond the limitations period for initial postconviction petitions provided in section 122-1(c) of the Postconviction Act (725 ILCS 5/122-1(c) (West 2010)). *Macri*, 2011 IL App (2d) 100325, ¶ 8. We stated, "Thus, even assuming that a petition sought to be refiled beyond a year but within the limitations period must be automatically reinstated, [the] defendant was not entitled to have his petition automatically reinstated and treated as an original petition." *Id.* Recognizing that section 122-5 of the Postconviction Act gives trial courts a great deal of discretion, we went on to state, "In reaching this conclusion, we note that [the] defendant makes no argument that the trial court abused its discretion in denying his motion." *Id.* ¶ 9. We stated that the defendant's only argument was that, once he voluntarily withdrew his petition, he could refile the petition without leave of the court at any time and have it treated as the original petition. *Id.* We disagreed with this position, stating that "[o]nly if the trial court allowed defendant to reinstate his petition would his petition have been treated as an original petition." *Id.*

¶ 14 Defendant argues that the trial court misinterpreted *English* and *Macri* as prohibiting the refiling of a petition more than one year after it was withdrawn. He argues that, in doing so, the trial court failed to exercise its discretion when ruling on his motion to reinstate, thereby abusing its discretion. See *People v. Partee*, 268 Ill. App. 3d 857, 868-69 (1994) (where a trial court erroneously believes that it has no discretion in a matter, its ruling must be reversed).

¶ 15 Defendant argues that, while we recognized in *Macri* the presence of a one-year limitation on the automatic reinstatement of a withdrawn petition, we placed no limit on the trial court's discretion to allow reinstatement beyond one year. Defendant argues that section 122-5 of the Postconviction Act gives trial courts wide discretion in how to proceed on postconviction petitions. Defendant further argues that, unlike in *English* and *Macri*, the supreme court had ruled that two of his claims made substantial showings that his constitutional rights had been violated during the sentencing hearing and his petition was in the third stage of proceedings when he withdrew it. Defendant argues that his situation is also distinguishable because he gave a plausible explanation of why he decided to withdraw his meritorious petition. Specifically, he alleged in his amended petition that the State had taken the position that, if he prevailed on his postconviction claims, it could seek the death penalty against him. Defendant maintains that his allegation was well supported, as the State took that position in numerous cases until the supreme court finally rejected it in 2006. See *People v. Morris*, 219 Ill. 2d 373, 384-85 (2006) (finding that Governor Ryan's clemency orders precluded the State from seeking the death penalty if a defendant were retried for the same crime). Defendant contends that the trial court, in exercising its discretion whether to allow a late motion to reinstate, should have considered that he faced the possibility of the death penalty when he withdrew his meritorious petition.

¶ 16 The State argues that any reading of *Macri* that allows refiling or reinstatement of a voluntarily withdrawn postconviction petition after one year contravenes the Code. The State

further argues that in *People v. English*, 2013 IL 112890, ¶ 14, the supreme court cited with approval the principle that a voluntarily dismissed postconviction petition may be refiled only within one year of dismissal.

¶ 17    The State additionally relies on section 13-217 of the Code (735 ILCS 5/13-217 (West 2014)), which provides that, if a plaintiff voluntarily dismisses an action, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." The State maintains that this section potentially extends the limitations period for filing an action and that, "had the defendant sought to refile or reinstate within one year of his voluntary withdrawal, he would have enjoyed an extension of the limitations period set forth in the [Postconviction] Act, as the time for filing a post-conviction petition would have expired by the time he filed his motion to reinstate." The State argues that defendant cites no authority for the proposition that there is an infinite extension of the limitations period for a defendant who voluntarily withdraws or dismisses a postconviction petition.

¶ 18    The State also argues that *People v. Harris*, 2016 IL App (1st) 141778, suggests that a trial court's jurisdiction to consider a motion to reinstate a voluntarily withdrawn postconviction petition terminates 30 days after the withdrawal. In *Harris*, the defendant filed a postconviction petition on May 7, 2010, and the trial court granted his motion to withdraw it on June 8, 2012. The defendant sought to vacate that order on July 5, 2012, and the trial court denied the motion to vacate on July 27, 2012. On June 6, 2013, the defendant filed a motion to refile and reinstate the postconviction petition. *Id.* ¶ 1. At a hearing on January 31, 2014, the trial court recalled denying the motion to vacate and did not think that there were any pending motions before it. *Id.* ¶ 10. On June 10, 2014, the defendant filed a motion to obtain a ruling on his motion to refile and reinstate. *Id.* ¶ 1. Before obtaining a ruling, the defendant filed a notice of appeal on June 16, 2014. The trial court denied the motion to refile and reinstate on January 9, 2015. *Id.*

¶ 19    On appeal, the defendant challenged the trial court's July 27, 2012, order denying his motion to vacate the order granting his motion to withdraw the postconviction petition. *Id.* ¶ 13. The appellate court cited case law for the proposition that an order allowing a voluntary dismissal is a final judgment for appeal purposes. *Id.* ¶ 19. It then extrapolated that the trial court lost jurisdiction over the matter 30 days after it denied the defendant's motion to vacate and that it thereafter did not have jurisdiction to rule on the defendant's motion to refile and reinstate. *Id.* The appellate court further stated that the defendant's notice of appeal was likewise untimely because it was not filed within 30 days after the denial of the motion to vacate. *Id.*

¶ 20    The *Harris* court declined to follow *English*, 381 Ill. App. 3d 906, stating that the decision failed to recognize that the trial court lost jurisdiction to rule on the motion to vacate 30 days after the entry of the final judgment. *Harris*, 2016 IL App (1st) 141778, ¶ 21. The *Harris* court stated that its determination did not interfere with "a defendant's ability to refile his postconviction petition within one year" under section 13-217 of the Code, in that "all defendant need do to invoke his right under section 13-217 is file his post conviction petition again." *Id.* ¶ 22.

¶ 21    Applying *Harris*'s analysis to this case, the State argues that the trial court did not have jurisdiction to consider defendant's motion to reinstate because he filed it on July 1, 2014, more than 30 days after the trial court's July 7, 2004, grant of defendant's motion to withdraw the postconviction petition. The State maintains that, although *Harris* appears at odds with

*English* and *Macri*, all three cases agree that, if a defendant voluntarily dismisses his petition, postconviction proceedings can continue only if he refiles it within one year. Accordingly, the State argues that this case law is no help to defendant because he waited more than 10 years to seek reinstatement of his postconviction petition. The State contends that under *Harris* the appropriate disposition is dismissal, whereas under *English* and *Macri* the appropriate disposition is to affirm the denial of the reinstatement. The State argues that under either scenario defendant is not entitled to relief.

¶ 22 Defendant responds, and we agree, that the supreme court's decision in *English*, 2013 IL 112890, ¶ 14, has no bearing on this case because it was not on an appeal from the appellate court's decision in *English*, 381 Ill. App. 3d 906, and the supreme court referred to that appellate court decision simply as part of its description of the case's procedural history.

¶ 23 Defendant further argues that this case is not governed by section 13-217 of the Code. Defendant asserts that under *English*, 381 Ill. App. 3d 906, the statute simply limits the trial court's discretion with respect to a motion to reinstate filed within one year after the withdrawal, in that the trial court must grant such a motion. Defendant argues that, after the one-year period, the trial court has the discretion to "extend[ ] the time of filing any pleading other than the original petition." 725 ILCS 5/122-5 (West 2014).

¶ 24 Defendant also argues that we should reject *Harris*'s analysis because it is based on meaningless semantics. Specifically, *Harris* holds that, 30 days after a postconviction petition's voluntary withdrawal, a trial court loses jurisdiction to hear a motion to "reinstate" the petition but maintains jurisdiction if the same petition is "refiled." Defendant notes that the *English* defendant was allowed to "reinstate" his petition without "refiling" it. *English*, 381 Ill. App. 3d at 910. Defendant maintains that there is no functional difference between moving to "reinstate" a withdrawn petition and "refiling" the same petition. In any event, defendant argues that even under *Harris* the trial court had jurisdiction here, as he "refiled" his petition by filing a new version of it on the same day that he filed a motion to reinstate his petition.

¶ 25 We note that neither party has cited or addressed *People v. York*, 2016 IL App (5th) 130579, which supports defendant's position that the trial court has the discretion to allow a motion to reinstate a voluntarily withdrawn postconviction petition. In *York*, 16 months after voluntarily withdrawing his postconviction petition, the defendant filed a new postconviction petition raising the same issue, and he asked the trial court to set aside the withdrawal. The trial court summarily dismissed the petition, ruling that, if it was a successive petition, it did not allege facts showing cause and prejudice and, if it was not a successive petition, it was untimely. *Id.* ¶ 1.

¶ 26 The appellate court stated as follows. The situation was distinguishable from *English*, as the defendant did not seek to reinstate his petition within one year after withdrawing it. *Id.* ¶ 20. Section 122-5 of the Postconviction Act allows a defendant to voluntarily withdraw his petition at any time before a final judgment, and it gives the trial court the discretion to enter orders allowing " 'amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading *** as shall be appropriate, just and reasonable[,] and as is generally provided in civil cases.' " *Id.* ¶ 27 (quoting 725 ILCS 5/122-5 (West 2012)). The voluntary withdrawal of a petition is like a voluntary dismissal in civil cases, and section 13-217 allows a defendant to refile a voluntarily dismissed action within one year after the dismissal or within the original limitations period for filing an action. *Id.* Under the Postconviction Act, the limitations period is three years from the

conviction date " '*unless* the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.' " (Emphasis in original.) *Id.* (quoting 725 ILCS 5/122-1(c) (West 2012)). Thus, a defendant seeking to reinstate a voluntarily withdrawn petition after more than one year (and after the limitations period) must be given the opportunity to demonstrate that the delay was not due to his culpable negligence. *Id.* Section 122-5 further supports this outcome, as it explicitly grants postconviction courts the discretion to extend " 'the time of filing any pleading other than the original petition.' " *Id.* ¶ 30 (quoting 725 ILCS 5/122-5 (West 2012)). The defendant's new petition was essentially a motion to reinstate the original petition, and as such a motion was a "pleading" other than the original petition, the trial court had the discretion to extend the limitations period. *Id.*

¶ 27     The appellate court also reasoned that the State's position, that a voluntarily withdrawn petition must be treated as a successive petition if the defendant did not seek to reinstate it within one year, rendered the provision allowing for a withdrawal meaningless for many defendants. *Id.* ¶ 29. That is, treating the one-year limit in section 13-217 as an absolute bar to reinstating a petition would put many defendants in a worse position than if they had not filed timely petitions in the first place, as successive petitions face additional hurdles. *Id.*

¶ 28     Returning to the case law cited by the parties, we observe that this situation is distinguishable from *English* because the court there held that a defendant is entitled to the automatic reinstatement of a voluntarily withdrawn postconviction petition within one year after its withdrawal, whereas in this case defendant sought to reinstate his petition well after one year. Therefore, as in *Macri*, we need not decide whether we agree with *English*'s position on automatic reinstatement. See *Macri*, 2011 IL App (2d) 100325, ¶ 8 ("Thus, *even assuming* that a petition sought to be refiled beyond a year but within the limitations period must be automatically reinstated, [the] defendant was not entitled to have his petition automatically reinstated and treated as an original petition." (Emphasis added.)).

¶ 29     Contrary to the State's position, *Macri* also does not resolve the issue here. In *Macri*, the defendant argued only that he was entitled to the automatic reinstatement of his voluntarily withdrawn postconviction petition at any time without leave of the court. *Id.* ¶ 9. We expressly pointed out that, although section 122-5 of the Postconviction Act gives trial courts a great deal of discretion, the defendant did not argue that the trial court abused its discretion in denying his motion. *Id.* In contrast, this is precisely the argument defendant advances here.

¶ 30     *Harris* does not convince us that we lack jurisdiction over this matter. In that case, the defendant challenged only the denial of his motion to vacate the trial court's order granting his motion to withdraw his postconviction petition, as opposed to the denial of his motion to refile and reinstate. *Harris*, 2016 IL App (1st) 141778, ¶ 13. Moreover, we disagree with *Harris*'s rationale that, just because a trial court might lose jurisdiction to hear a defendant's motion to vacate an order allowing a voluntary dismissal 30 days after the order is entered, the trial court also loses jurisdiction to rule on a defendant's subsequent motion to refile and reinstate. See *id.* ¶ 19. *Harris* did not cite any relevant authority to this effect, and such an outcome presupposes that the two types of motions are seeking the same relief. However, a motion to vacate the grant of a request to voluntarily withdraw a postconviction petition seeks to have the petition proceed as if it were never withdrawn in the first place. In contrast, a motion to refile and reinstate does not attack the ruling allowing the voluntary withdrawal of the petition but rather seeks to reinitiate the proceedings. In a situation such as the one at bar, the grant of a timely motion to vacate an order allowing a voluntary withdrawal would mean that a trial court would

not have to consider any other time restrictions or whether the defendant alleged facts showing a lack of culpable negligence for a delay, whereas such considerations are relevant for a motion to refile and reinstate. See *York*, 2016 IL App (5th) 130579, ¶ 27. *Harris* did concede that a defendant is able to "refile" a postconviction petition within one year under section 13-217 (*id.* ¶ 22), but it did not see this as contradictory to its position that a trial court could not rule on a defendant's motion "to refile and reinstate" more than 30 days after it denied the defendant's motion to vacate (*id.* ¶ 19). We agree with defendant that there is no logical difference between the two. In sum, we believe that *Harris* presents a poorly reasoned analysis of the timeliness of motions to refile and reinstate, and we choose not to follow it.

¶ 31 We ultimately agree with *York* that there is not an absolute one-year bar to seeking to reinstate a voluntarily withdrawn postconviction petition. Rather, a defendant filing such a motion beyond the prescribed time limits has the opportunity to plead facts showing that the delay was not due to his culpable negligence, and it is within the trial court's discretion whether to grant the motion to reinstate the petition.

¶ 32 As many of the aforementioned cases point out, the Postconviction Act gives the trial court the discretion to allow the defendant to withdraw the postconviction petition at any time prior to judgment (725 ILCS 5/122-5 (West 2014)), but it does not explicitly discuss when the petition may be reinstated. The trial court is given discretion regarding proceedings on a postconviction petition, specifically rulings "as to [the] amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable *and as is generally provided in civil cases*." (Emphasis added.) *Id.* Postconviction proceedings are civil, as reflected in section 122-5, so courts can look to the Code if the Postconviction Act does not address a procedural matter. *English*, 381 Ill. App. 3d at 909. Under section 13-217 of the Code, a plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13-217 (West 1994).[1] As stated, the one-year period is not applicable here. As to the "remaining period of limitation" (*id.*), the Postconviction Act provides limitations periods for filing a petition, specifically six months after proceedings in the United States Supreme Court have concluded; six months from the date for filing a *certiorari* petition, if none has been filed[2]; and three years from the conviction if no appeal has been filed (725 ILCS 5/122-1(c) (West 2014)). However, as *York* noted, section 122-1(c) allows a defendant to bypass these time limitations by "alleg[ing] facts showing that the delay was not due to his or her culpable negligence." *Id.*[3] Logically, the trial court must have the discretion to determine whether this standard has been met in the motion to reinstate, which also corresponds to the discretion given to the trial court in section 122-5 to extend "the time of filing any pleading

---

[1] The 1994 version of section 13-217 is currently in effect because the subsequent version of the statute included amendments that the supreme court found unconstitutional in their entirety in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). See *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 44 n.1.

[2] Our supreme court has construed this portion of the provision as six months from the date for filing a petition for *certiorari* or a petition for leave to appeal. *People v. Johnson*, 2017 IL 120310, ¶ 24.

[3] Although not applicable here, the time limitations also do not apply if the defendant claims actual innocence. 725 ILCS 5/122-1(c) (West 2014).

other than the original petition." 725 ILCS 5/122-5 (West 2014); see *York*, 2016 IL App (5th) 130579, ¶ 30. This conclusion is consistent with the language of the Postconviction Act and the Code, and it is also in harmony with the analyses in *English*, *Macri*, and *York*. Accordingly, here the trial court erred in denying defendant's motion to reinstate as untimely without considering whether defendant alleged facts showing that the delay was not due to his culpable negligence. See *York*, 2016 IL App (5th) 130579, ¶ 27. We therefore reverse the trial court's denial of defendant's motion to reinstate his postconviction petition, and we remand for further proceedings during which the trial court shall exercise its discretion to determine if defendant sufficiently alleged that the delay in filing the motion was not due to his culpable negligence.

¶ 33                                     III. CONCLUSION

¶ 34        For the reasons stated, we reverse the judgment of the Du Page County circuit court and remand for further proceedings consistent with this opinion.

¶ 35        Reversed and remanded.